[No. 12316.   In Bank. — December 31, 1887.]

# RAFAELA VERDUGO DE SEPULVEDA, Appellant, v. GEORGE BAUGH et al., Respondents.

Judgment — Foreclosure — Description of Mortgaged Premises — Reference to Deed — Uncertainty — Sheriff's Deed. — A judgment of foreclosure which describes the mortgaged premises as a tract of land described by metes and bounds, with the exception of such portions thereof as are described in certain conveyances on record in the county recorder's office, and to which specific reference is made for a further description, is not void for uncertainty, and cannot be collaterally attacked. And a sheriff's deed founded thereon, containing the same description, is sufficient to pass the title of the mortgagor.

Appeal from a judgment of the Superior Court of Los Angeles County, and from an order refusing a new trial.

The action was brought to quiet title to a tract of land, and was heard upon an agreed state of facts, from which it appeared that the plaintiff, on the 21st of May, 1878, mortgaged to one Andreo Briswalter two tracts of land, a 909-acre tract and a 212-acre tract, describing the former in her mortgage by metes and bounds, and then excepting therefrom those portions of the tract described in certain conveyances made by herself, and referred to the book of record of the deeds of conveyance for the description of the parts excepted. The 212-acre tract was described in the same way, first by metes and bounds, and then excepting from the entire tract certain portions which she had before conveyed, referring to the deeds of conveyance for the description of the excepted parts. On the 27th of May, 1878, she executed a second mortgage on the 212-acre tract to Francisco Vassalo. Both of these mortgages were foreclosed, and an execution sale of the property was made. The holder of the second mortgage on the 212-acre tract redeemed from the sale of the first mortgage, and no further redemption being made, deed was made by the sheriff.

In the complaint in the foreclosure suit, the decree, the certificate of sale, and the sheriff's deed, the same description was followed throughout as in the mortgage. The defendants claim title under the foreclosure sale and sheriff's deed. On the trial, judgment was rendered in favor of the defendants. The further facts are stated in the opinion of the court.

*Henry M. Smith*, and *Will H. Clark*, for Appellant.

The decree of foreclosure is void, and cannot be made a basis of title, as it does not contain any description of the excepted parcels except by reference to recorded deeds. (*Crosby* v. *Dowd*, 61 Cal. 558; *Hill* v. *Wall*, 66 Cal. 130; *Emeric* v. *Alvarado*, 64 Cal. 529; *People* v. *Cone*, 48 Cal. 427; *People* v. *Hyde*, 48 Cal. 431; *Clark* v. *Gage*, 19 Mich. 507; *Atwood* v. *Atwood*, 22 Pick. 283; *Miller* v. *Miller*, 16 Pick. 215; *Lawless* v. *Barger*, 9 Bush, 665.)

*Chapman & Hendrick, Graves & O'Melveny*, and *Bicknell & White*, for Respondents.

The description in the foreclosure decree was sufficient, and the sheriff's deed passed the title of the mortgagor. And even if the portions intended to be excepted were insufficiently · described, such insufficiency would render the exceptions, and not the entire deed, void. (3 Washburn on Real Property, 369; Martindale on Conveyancing, sec. 189; *Thayer* v. *Torrey*, 37 N. J. L. 339.)

*Anderson, Fitzgerald & Anderson*, and *Glassell, Smith & Patton, amici curiæ.*

The decision in *Crosby* v. *Dowd*, 61 Cal. 557,—viz., that a sheriff's deed, made in pursuance of a sale under a decree of foreclosure, which fails to describe the land to be sold otherwise than by reference to a recorded deed, conveys no title,— is obviously in conflict with well-established and fundamental principles of law, is not sus-

tained by the authorities upon which it avowedly rests, and is in conflict with prior cases in this court, and has been, in effect, subsequently overruled. (*Graham* v. *Stewart*, 68 Cal. 381; *Whitney* v. *Buckman*, 13 Cal. 538; *Tryon* v. *Sutton*, 13 Cal. 491; *Vance* v. *Fore,* 24 Cal. 444; *Caldwell* v. *Center*, 30 Cal. 539; 89 Am. Dec. 131; *Saunders* v. *Schmaelzle*, 49 Cal. 59; *People* v. *Blake,* 60 Cal. 508.)

TEMPLE, J. — This case seems very plainly to be within the rule laid down in *Crosby* v. *Dowd*, 61 Cal. 557.

A tract of 909 acres is described by metes and bounds, "excepting, however, those portions of the above-described tract which are described in those certain conveyances executed by the party of the first part hereto, which are recorded respectively in book 22 of deeds, page 477, book 32 of deeds, page 113, book 36 of deeds, page 446, and book 48 of deeds, page 466, records of Los Angeles County, to which deeds and the records thereof reference is hereby made for further description; the remainder of the tract which is hereby conveyed containing about 719 acres."

This description is in the mortgage, complaint on foreclosure, the decree, sheriff's certificate, and deed, and nowhere except by the above reference is there any description given of any of the excepted tracts.

The record of the foreclosure therefore contains no description from which it can be ascertained without such reference, no matter how familiar one might be with all the descriptive calls given as to any specific portion of the described land, whether or not it was conveyed by the mortgage deed, or whether the decree is operative upon it. Nor could he tell whether any portion of the metes and bounds of the nine-hundred-acre tract remains as any portion of the metes and bounds of the seven-hundred-acre tract.

This case is attempted to be differentiated from *Crosby*

v. *Dowd* in this: In *Crosby* v. *Dowd* the only description
of the property in the complaint or decree was a refer-
ence to three deeds in the recorder's office. Here the
mortgage, complaint, decree, certificate of sale, and
sheriff's deed alike described a large tract of land by
metes and bounds excepting therefrom certain sold por-
tions as above stated; that is, in the former case refer-
ence is made to the record for a description of the land
mortgaged, while in the case at bar reference is made to
the records for a description of certain portions of the
described tract which are excepted from the effect of the
mortgage and decree.

A mere statement of this contention would seem to go
a long way toward answering it. There is evidently the
same indeterminateness in regard to this description as
in the other, and the sheriff would be no better able to
find the land or to determine what lands he should put
a purchaser in possession of. And there is the same
possibility that when the deeds were examined they
would be required to be construed by a court to deter-
mine what lands were included.

Nor can it be construed as to the intent of the mort-
gagor in the larger tract better than in *Crosby* v. *Dowd*,
which was described as a portion of the Santa Rita
rancho.

By express statement she did not mortgage her inter-
est in the entire tract, and the judgment does not profess
to operate upon her interest in the entire tract. The
judgment record, therefore, is not complete, but other
documents not in the record must be referred to to
ascertain what is the subject-matter upon which the de-
cree operates.

But I am of the opinion that *Crosby* v. *Dowd* ought not
to be allowed to stand. I think I have examined all the
cases cited in support of the decision by counsel or by
the court, and I fail to find any authority for holding
the judgment void upon a collateral attack. It may be
admitted that such a decree is erroneous, and will be cor-

rected if the attention of the court is called to the defect by demurrer or proper motion, or by appeal.

Such an amendment would be in the interests of justice, and for the interest of both parties: for the mortgagor, that the property sold with a good description may bring a better price, and his debt be paid; for the mortgagee similarly, that he may collect his money. For these reasons, as well as that the writ may contain specific directions to the officer, who is required at his peril to execute it, the record of the foreclosure should contain a perfect description of the property. If, when a writ is issued, it is found that it fails to describe any property, the sheriff may refuse to execute it, or the court, upon application, may quash it, and restore the party, if he has been dispossessed.

But for what reason is the judgment void? Certainly not for lack of jurisdiction, either as to the subject-matter or the person. What nullity known and recognized by established rules of law is found in this judgment? If any, it must be because it is a proceeding to establish a lien, and there is no description of the thing to which the lien attaches. But by established rules of evidence such a reference is not meaningless, and does furnish a description of the thing. It is admitted that it is sufficient, and does amply describe the thing in the mortgage. But it is said that a deed is evidentiary, and may be helped out by other evidence, while a decree is final and determinative. The distinction is illusory; but admitting the difference, it has no bearing upon this question.

The judgment is held void simply because it is meaningless. This distinction admits that it is not meaningless, but declares that it is not sufficiently explicit for the convenience of the court or its officer.

Plainly the judgment is not void for the want of a description which identified the subject upon which the judgment is to operate. But the rule is unsafe, and the distinction illusory.

Here it may be well to call attention to the fact that very few of the cases cited as authority are cases like this, where the objection was that the description contains an express reference to another document, which must be examined to help out the description. Most of them were cases where on its face the description was indefinite or defective, and were actions for the recovery of specific property.

The trouble is said to be that the sheriff may not know with certainty what land he is to place the purchaser in possession of. The same uncertainty may, and generally will, exist where metes and bounds are given. The court says, assuming that the records can be found, the descriptive calls may be found indefinite, so as to render it impossible to locate them. So, too, any landmarks called for may, for aught the court can ordinarily know, be impossible of location. The call for a pile of rocks on the bank of a creek may be very uncertain, while the reference to the deed may be definite and clear.

But in a very large class of cases where metes and bounds are given, it still becomes necessary to refer to deeds and to records to locate the boundaries. What is the practical difference between the case at bar and one in which a description giving metes and bounds describes the boundary as beginning at a stake at the northeast corner of the land conveyed to Smith by Brown by deed executed so and so, or a line running north to the southern boundary of Brown's land?

Or what is the difference between this and a description as lot 2, in section 2, etc., according to the United States land surveys? The lot could not be found without referring to the plat in the land-office. The same is true of a description of a quarter-section of land according to the system of United States land surveys. We take judicial notice of the system, but not of the actual surveys, and we know that in many places there are wide departures from the general system. The plat

must be referred to to find the particular quarter-section. Then, land is often described by reference to town plats, sometimes where the plat has not become a public record, and the streets and lots only exist on paper. The plat must be found to locate the land. Farms are sold by reference to subdivision maps of large ranches. Now, is this court to hold that all judgments which describe the land by reference to these things are void? Yet in every one of these cases the descriptions show on their face that some other document is referred to, and must be examined to make out the description.

I cannot see how a judgment can be pronounced a nullity for uncertainty of description, unless the court can see that nothing is described. But here the description is not even uncertain or doubtful. It simply does not come up to some ideal standard laid down by the courts as more convenient for them and their officers. The true rule would seem to be that the judgment is not void. That the purchaser must, however, rely upon the description, and if it be found so defective when tested by rules of evidence ordinarily applied to the subject that nothing can be found, he will fail, otherwise he should recover.

I admit that the case of *Crosby* v. *Dowd* was very maturely considered, and that it should not be overruled unless plainly wrong. However, it is one of those decisions under which no rights can have grown up, and I think the rule mistakenly laid down exceedingly mischievous. A sense of justice will, I think, if the case be not overruled, impose upon this court the labor of differentiating case after case from that.

I think the judgment should be affirmed.

SEARLS, C. J., PATERSON, J., McFARLAND, J., and SHARPSTEIN, J., concurred.

THORNTON, J., dissented.

Rehearing denied.