[No. 18048. Department Two.—October 13, 1893.]

## JOSEPH ROSENTHAL ET AL., RESPONDENTS, *v.* W. P. MATTHEWS, APPELLANT.

EJECTMENT—DESCRIPTION OF LAND IN JUDGMENT—CONSTRUCTION OF EX-
CEPTION—CERTAINTY—APPEAL.—A judgment entered in September, 1891, in an action to recover the possession of land, which described the land definitely and correctly in other respects, excepting, however, from its effect such parts of the land described " as were sown to grain by the defendant during the fall of 1890 and the winter of 1891 " must be construed to refer to the winter expiring in 1891, prior to the date of the judgment, and *prima facie* contains a sufficient description of the land excepted, which can be applied so as to identify the excepted land, and such judgment cannot be held void for uncertainty upon appeal there-
from.

C. CAL.—6

APPEAL from a judgment of the Superior Court of Tehama County, and from an order denying a new trial.

The facts are stated in the opinion.

*Jackson Hatch,* for Appellant.

*P. H. Coffman,* for Respondents.

VANCLIEF, C. — Action to recover possession of a large tract of land situate in the county of Tehama and the value of the rents and profits thereof alleged to be fifteen hundred dollars.

The answer of the defendant admits the plaintiffs' ownership of the land and the withholding of the possession thereof, by defendant, but alleges that he was entitled to the possession by a lease from the plaintiffs, and denies that the rents or profits were of any value.

The action was tried by the court, and judgment was rendered in favor of the plaintiffs for the possession of the land, except a portion thereof described in the judgment, and for five hundred dollars as the estimated value of the rents and profits of that portion of the land wrongfully withheld.

The defendant appeals from the judgment and from an order denying his motion for a new trial.

1. On the appeal from the judgment the appellant contends that the description of that part of the land excepted from the operation of the judgment is so indefinite and uncertain that neither the land excepted nor that recovered can be identified thereby; and, therefore, the judgment is void.

It is not denied that the demanded premises are definitely and correctly described in the complaint. The judgment describes the land as it is described in the complaint, but excepts from its effect such parts of the land described " as were sown to grain by the defendant during the fall of 1890 and the winter of 1891." As the judgment was entered September 8, 1891, the words " winter of 1891," must be understood to mean the win-

ter expiring in 1891; and the lands excepted are such parts as had been sown to grain by defendant during the fall of 1890 and the winter immediately following—the winter of 1890 and 1891—all before the date of the judgment. This is made perfectly plain by the context, and gives appropriate effect to all the words of the exception; for, while no winter is wholly of any one year of our Lord, two-thirds of the winter immediately prior to the judgment was of the year A. D. 1891.

It is contended, however, that conceding the exception to be certain as to the winter intended, still, the description is insufficient to identify the land excepted.

*Prima facie* the description appears to be sufficient, and no reason why it cannot be applied so as to identify the excepted land is suggested. The boundary lines of the land sown to grain by defendant during the fall of. 1890 and the following winter must have been distinctly apparent on the ground from the time the grain was sown until some time after it was harvested; and if the marks by which such boundary lines were designated were subsequently removed or destroyed, their original location may be proved by extraneous evidence, as in cases of the removal or destruction of stakes or other monuments called for in deeds and patents. (*De Sepulveda* v. *Baugh*, 74 Cal. 468; 5 Am. St. Rep. 455.)

In the case at bar the question is whether or not the description *contained in the judgment* is sufficient to identify the land. In this it differs from the question involved and discussed in *Crosby* v. *Dowd*, 61 Cal. 557, and in *De Sepulveda* v. *Baugh*, 74 Cal. 468, 5 Am. St. Rep. 455, in which the objection to the description was that it was *not contained in the judgment* but in some other document, map or record referred to in the judgment and not appearing even in the judgment-roll.

2. The points that the findings do not support the judgment and that the evidence does not justify the finding that the value of the rents and profits was five hundred dollars, rest largely upon the assumption that the description of the land excepted from the operation

of the judgment does not distinguish it from the land recovered. The evidence is amply sufficient to justify the finding as to the value of the rents and profits; and the findings support the judgment.

3. It is not made to appear that the court erred in admitting or excluding evidence. As to these points, counsel merely refers to his exceptions.

I think the judgment and order should be affirmed.

SEARLS, C., and TEMPLE, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

McFARLAND, J., FITZGERALD, J., DE HAVEN, J.