(February 6, 1905.)

## MURRY v. NIXON.

[79 Pac. 643.]

SUFFICIENCY OF COMPLAINT—CERTAINTY OF FINDINGS—DESCRIPTION OF PROPERTY IN DISPUTE.

1. Complaint in this case examined and held sufficient to state a cause of action; and no defect therein having been pointed out by demurrer in the lower court, any defect in the manner of stating the cause of action will not be examined on first suggestion in this court.

2. A judgment will not be reversed on the grounds alone that the findings on which it rests refer to maps and plats on file in the case for a complete and definite description of the property involved in the litigation, but when capable of being made certain by such reference will be sustained.

3. *Held, further,* that the practice of referring in findings and judgments to extraneous matters for description or other essential matter is not the commendable practice and should be discouraged.

(Syllabus by the court.)

APPEAL from the District Court of the Fifth District, in and for Bannock County. Honorable Alfred Budge, Judge.

Action to quiet title to certain property and for a perpetual injunction against the defendant interfering with plaintiff's possession or obstructing the free use of such property. Judgment for plaintiff and defendant appeals. Affirmed.

### STATEMENT OF FACTS.

The plaintiff commenced this action to quiet his title to certain property situated in Bannock county, and to obtain a perpetual injunction against the defendant interfering with plaintiff's possession of such property or in any manner obstructing the free use thereof. Since this appeal is from the judgment alone and does not bring up any of the evidence, and appellant places his chief reliance upon the insufficiency of the complaint, we therefore quote the complaint and findings in full, which are as follows:

"Comes now the plaintiff and for cause of action against the defendant, complains and alleges:

"1st. That the plaintiff and his grantors and predecessors in interest, at all the times herein mentioned, were, and the plaintiff now is, the owner, in the possession and entitled to the possession of the following described real estate, to wit:

"That certain water right and water system furnishing and supplying the city of Pocatello, Idaho, with water for public and domestic use commonly known as the Pocatello Water System, including, among other things, the right of way for its pipe-lines from its source of supply to its reservoirs, reservoir sites, with the right of access thereto, and the right of way for its pipe lines from said reservoirs to the corporate limits of the city of Pocatello, Idaho; that said right of way is one hundred feet wide, and among other lands crosses one corner of the southeast quarter of the southwest quarter of section 35, township 6 south, range 34 east, in Bannock county, state of Idaho, said right of way being occupied and used for the pipe-lines of the plaintiff in conducting water of said water system to the city of Pocatello for domestic and public use as aforesaid, and has been acquired by the plaintiff and his grantors and his predecessors in interest from the government of the United States pursuant to law, and according to certain surveys, maps and plats submitted to and approved by the Secretary of the Interior of the said United States government, and now on file therein, and also with the United States land office at Blackfoot, Idaho, to which reference is hereby made as a part hereof.

"2d. That as a means of access to, and for the convenience of the plaintiff and the traveling public in traveling to and from said pipe-lines and reservoirs, the plaintiff and his grantors and predecessors in interest built and constructed a road from the city of Pocatello, Idaho, to its upper reservoir situate on the northwest quarter of the southeast quarter of section 2, township 7 south, range 34 east, which said road runs over and through the southeast quarter of the southwest quarter of section 35, aforesaid, along and adjacent to said right of way within close proximity thereto.

"3d. That the plaintiff and his grantors and predecessors in interest, for more than ten years last past, except when interrupted by the defendant as hereinafter more fully alleged, have been and now are in the possession, occupation and use, and are entitled to the possession, occupation and use of said pipe-lines and reservoirs, claiming title thereto, holding and claiming the same adversely against all and every person or persons whomsoever, and paying all state, county and municipal taxes or assessments upon or against the same.

"4th. That the plaintiff and his grantors and predecessors in interest, for more than ten years last past, except when interrupted by the defendant, as hereinafter more fully alleged, have been and now are entitled to access to said pipe-lines and reservoirs by means of and along and over the road and highway set forth and described in paragraph 2 hereof, together with the traveling public using the same, which is the only present practical means of access to and from said pipe-lines and reservoirs, and said road and highway, except when obstructed by the defendant, has been and now is in constant daily use by the plaintiff and the traveling public.

"5th. That on or about the seventeenth day of October, 1902, the defendant above named trespassed upon said right of way of the plaintiff, by planting posts and stringing wires over and across the same, thereby obstructing and inclosing the same without the knowledge and against the will and without the consent of the plaintiff, and by his acts and speech gives out and threatens to continue to plant posts and string wires over and across said right of way where the said lines of the southeast quarter of the southwest quarter of said section 35 crosses the same, without the knowledge, against the will and without the consent of plaintiff, and to the great and irreparable damage of the plaintiff, for which there is no plain, speedy and adequate remedy at law.

"6th. That on or about the seventeenth day of October, 1902, the defendant above named, in violation of law, without the knowledge of the plaintiff and against his will and without his consent, obstructed said road and highway set forth and described in paragraphs two and four hereof, by planting posts

and stringing wires over and across the same, thereby preventing
the plaintiff and others from traveling said road and highway,
and by his acts and speech the defendant gives out and threatens
to continue to obstruct said road and highway and to prevent
travel thereon or thereover, where the same crosses said south-
east quarter of the southwest quarter of section 35 aforesaid,
to the great and irreparable damage of the plaintiff, and for
which there is no plain, speedy or adequate remedy at law.

"7th. That the defendant claims some right or interest in
and to the said southeast quarter of the southwest quarter of
section 35, the exact extent of which is to the plaintiff unknown,
but if any interest he has, it is subordinate and inferior to the
rights of the plaintiff in said right of way, and to the right of
the plaintiff to travel over said road and highway constructed
and used by the plaintiff and his grantors and predecessors in
interest, for more than ten years last past, as a means of access
to said pipe-lines and reservoirs.

"8th. That the plaintiff is informed and believes, and upon
such information and belief alleges, that the defendant is a non-
resident of Idaho, and has no property therein, except said
southeast quarter of the southwest quarter of section 35, afore-
said, which is practically valueless, and that the defendant is
therefore insolvent and wholly unable to respond in damages
for the past and threatened trespasses upon the rights of way
of the plaintiff, and for the past and threatened obstructions to
said road and highway and the plaintiff will suffer great and
irreparable damage from such threatened trespasses, unless de-
fendant be restrained and enjoined therefrom."

After the submission of the case the court made and filed his
findings of fact and conclusions of law, which are as follows:

"1st. That the plaintiff and his grantors and predecessors in
interest, at all the times mentioned in the plaintiff's complaint,
and the plaintiff now is the owner, in the possession and entitled
to the possession of that certain water system furnishing and
supplying the city of Pocatello, Idaho, with water for domestic
and public use, commonly known as the Pocatello Water System,
including, among other things, the right of way for its pipe-
lines, aqueducts and ditches from its source of supply to its

reservoirs, reservoir sites, with the right of access thereto, and the right of way, fifty feet wide in width on either side of the margin of said reservoir and pipe-lines and to the corporate limits of the city of Pocatello, Idaho, which right of way crosses the southeast quarter of the southwest quarter of section 35, township 6 south, range 34 east, Boise meridian, in Bannock county, state of Idaho, said right of way being used and occupied by the plaintiff with pipe-lines, conducting water of said water system to the city of Pocatello, for domestic and public use as aforesaid, and which has been acquired by the plaintiff and his grantors and predecessors in interest from the government of the United States pursuant to law, and according to certain maps, surveys and plans, submitted to and approved by the Secretary of the Interior of the United States government, now on file with said secretary and in the United States land office at Blackfoot, Idaho, and filed as exhibits in this cause, to which reference is hereby made as a part hereof.

"2d. That as a means of access to and for the convenience of the plaintiff and the traveling public in traveling to and from said pipe-lines, reservoirs, and other places beyond, the plaintiff and his grantors and predecessors in interest built and constructed a road from the city of Pocatello, Idaho, to its said reservoirs, and dedicated the same to the public as a public highway, which said road has been used by the plaintiff and accepted and used by the general public for more than ten years last past, as a public highway, which said road passes over the southeast quarter of the southwest quarter of section 35, aforesaid, along and adjacent thereto, and is fifty feet in width and accurately marked on a plat and filed herein and made a part hereof.

"3d. That the plaintiff and his grantors and predecessors in interest, for more than ten years last past, except when interrupted by the defendant, have been and now are in the possession, occupation and use of said pipe-lines and reservoirs and the rights of way and sites therefor, claiming title thereto under the laws and grants of the United States, holding and using the same adversely against the defendant and all and every person or persons whomsoever, paying all state, county or municipal taxes or assessments against or upon the same.

"4th. That on or about the seventeenth day of October, 1902, the defendant trespassed upon said right of way for said pipelines by planting posts and stringing wires over and across the same, thereby obstructing and inclosing the same against the will and without the consent of the plaintiff; and at the same time and place and in the same manner obstructing said road and public highway; and by his acts and speech gives out and threatens to continue to plant posts and string wires over and across said right of way and highway, where the lines of the southeast quarter of the southwest quarter of said section 35 crosses the same.

"5th. That the defendant is a nonresident of the state of Idaho, and has no property therein, except the southeast quarter of the southwest quarter of said section 35, aforesaid, the value of which is not proved, and which is of little value.

"As conclusions of law based upon the foregoing findings of fact, the court says:

"That the plaintiff is the owner, in the possession and entitled to the possession of a strip of land one hundred feet wide through the southeast quarter of the southwest quarter of section 35, township 6 south, range 34 east, Bannock county, Idaho, where the pipe-line of the plaintiff leading from its lower reservoir to the city of Pocatello, crosses the same, being a strip fifty feet on each side of said pipe-line, as located, surveyed and established by the plats and maps filed with and approved by the Secretary of the Interior, and now on file in the United States land office at Blackfoot, Idaho, a certified copy of which is filed in this cause, to which reference is hereby made as a part hereof; and that the defendant has no right or title thereto.

"That the road leading from the city of Pocatello, Idaho, to the pipe-lines, reservoirs, reservoir sites, and places and points west thereof and particularly that part of said road which crosses the southeast quarter of the southwest quarter of section 35, whether located upon or off the right of way for said pipelines, is and for more than ten years last past has been a public highway, and for a width of fifty feet where said road now exists is entitled to be traveled by the general public, and for that width must be left open and unobstructed to public travel.

"That the plaintiff is entitled to have his right and title to said right of way, fifty feet upon each side of said pipe-line, where the same crosses the lands above described, quieted against the defendant, and the plaintiff's right and title to said right of way is superior to any right or claim of said defendant.

"That the defendant has no right to plant posts or string wires over or across said right of way for said pipe-lines or said public road, or to otherwise obstruct said right of way or said public highway, or to obstruct said public highway where the same diverges from said right of way.

"That the defendant and his agents, attorneys and servants should be perpetually restrained and enjoined from in any manner interfering with or obstructing said right of way or trespassing thereon and from obstructing said public highway, where the same crosses the lands above described, or in any manner interfering with the free use and enjoyment thereof as a public highway."

The facts are stated in the opinion.

John P. Cummings, for Appellant.

Does the complaint state facts sufficient to constitute a cause of action? If it does not, then the judgment of the court will certainly fall. The allegations that the acts of the defendant have and will result in great and irreparable damage to the plaintiff are not sufficient; the complaint must show in what manner the plaintiff would be injured or in what manner he has been injured—what the result of the defendant's acts complained of has been or would be. (*Crescent Min. Co. v. Silver King Min. Co.*, 17 Utah, 444, 70 Am. St. Rep. 810, 54 Pac. 244.) A full disclosure of all facts must be made in an application for an injunction. (*Reddall v. Bryan*, 14 Md. 444, 74 Am. Dec. 550; *Rankin v. Charless*, 19 Miss. 490, 61 Am. Dec. 574; *Leach v. Day*, 27 Cal. 643.) The complaint fails to allege by what right or authority he brings this action to remove or prevent the obstruction of a public highway or public road. To entitle a private individual to maintain a suit for the obstruction of a public highway he must show that his injuries

are different in kind from those suffered by the public. (*San Jose Ranch Co. v. Brooks,* 74 Cal. 463, 16 Pac. 250; *Hargro v. Hodgdon,* 89 Cal. 623, 26 Pac. 1106; *Blanc v. Klumpke,* 29 Cal. 156; *Bigley v. Nunan,* 53 Cal. 404; *Hogan v. Central Pac. R. R. Co.,* 71 Cal. 84, 11 Pac. 876.)    Where the nuisance is purely public the suit can only be instituted by the state or the attorney general acting for the state. (*Yolo Co. v. Sacramento,* 36 Cal. 194; *Coburn v. Ames,* 52 Cal. 385, 28 Am. Rep. 634; *People v. Dreher,* 101 Cal. 271, 35 Pac. 867; *Stufflebeam v. Montgomery,* 3 Idaho, 20, 26 Pac. 125; Idaho Rev. Stats. 1887, secs. 960-963; *People ex rel. Brokaw v. Commrs. of Highways of Bloomington Tp.,* 130 Ill. 482, 22 N. E. 596, 6 L. R. A. 161.) That the plaintiff had a plain, speedy and adequate remedy at law is so apparent as to hardly admit of argument. (Rev. Stats. 1887, sec. 5092, subd. 2.)    An injunction will not be granted when the remedy at law for the injury complained of is full, adequate and complete. (*Borland v. Thornton,* 12 Cal. 440; *Leach v. Day,* 27 Cal. 643; *Richards v. Kirkpatrick,* 53 Cal. 433; *Rahm v. Minis,* 40 Cal. 421; *Conley v. Chedic,* 6 Nev. 222; *Warlier v. Williams,* 53 Neb. 143, 73 N. W. 539; *Eidimiller Ice Co. v. Guthrie,* 42 Neb. 238, 60 N. W. 717, 28 L. R. A. 581; *Phillips v. Watson,* 63 Iowa, 28, 18 N. W. 659; *Wilkinson v. Rewey,* 59 Wis. 554, 18 N. W. 513.)

Standrod & Terrell, for Respondents.

Where an action is tried in the district court upon its merits, and a finding of facts is made and a judgment rendered thereon, no exception being taken, the only question that will be considered by the supreme court is whether the complaint states facts sufficient to warrant the judgment. (*Diehl v. Hull,* 1 Idaho, 352; *Smith v. Sterling,* 1 Idaho, 128; *People v. Hunt,* 1 Idaho, 433; *Forsythe v. Richardson,* 1 Idaho, 459; *Ray v. Ray,* 1 Idaho, 705; *Hyde v. Harkness,* 1 Idaho, 638; *Purdum v. Taylor,* 2 Idaho, 167, 9 Pac. 607; *Berry v. Alturas Co.,* 2 Idaho, 296 (274), 13 Pac. 233; *Jones v. Quayle,* 3 Idaho, 640, 32 Pac. 1134.)    An appellate court will not presume error.    All intendments must be in favor of the judgment. (*Lowe v. Turner,* 1 Idaho, 107; *Hazard v. Cole,* 1 Idaho, 276; *Montandon v. Walker,*

2 Idaho, 165, (152), 9 Pac. 608; *Hopkins v. Utah N. Ry. Co.,* 2 Idaho, 300 (277), 13 Pac. 343; *State v. Preston,* 4 Idaho, 215, 38 Pac. 694; *Vermont Loan etc. Co. v. McGregor,* 5 Idaho, 320, 51 Pac. 103.) When the evidence is not before the appellate court, it will be presumed that the findings are supported by the evidence. (*Zion's Co-op. Mer. Inst. v. Morgan,* 6 Idaho, 464, 56 Pac. 168; *Brossard v. Morgan,* 7 Idaho, 215, 61 Pac. 1031.)

AILSHIE, J. (After Making the Statement).—The defendant did not demur to the complaint, but answered, and the case was tried without any objection to the sufficiency of the complaint. While this complaint may have contained defects which could have been pointed out by special demurrer, we are satisfied that it is sufficient to state a cause of action in the absence of any such objection. The views of this court on a somewhat similar objection of a more serious nature than the one involved in this case were expressed in *Hollister v. State,* 9 Idaho, 651, 77 Pac. 339. It is argued that the findings are insufficient to support the judgment, for the reason that they do not fix the exact situs or location of the right of way one hundred feet wide to which it is sought to quiet the title. The description of the premises contained in the decree follows the description contained in the findings. It will be noticed that the court refers to certain plats and maps, certified copies of which were on file in the case, for a specific and complete description of the property, and by reference, made the maps a part of the findings. Appellant's chief objection to this is that no map or plat is made a part of the findings or judgment by being incorporated therein, and that no map or plat is referred to by any identification whereby a person could ascertain the particular map or plat. A map is brought up as a part of the record by stipulation between counsel, showing the exact location of the right of way and pipe-line claimed by the plaintiff, which map is drawn to a scale and contains all the angles and measurements necessary to definitely locate the same. This map is one of the files in the case in the trial court. It is claimed, however, by appellant that there were other maps and plats on file with reference to the same tract of land and right of way, and that from

the findings and judgment it cannot be ascertained which particular map is referred to. It is to be presumed that all the maps and plats which were properly introduced in the case had reference to the particular right of way and pipe-line in controversy, and since it could be located at but one definite place, it must necessarily follow that all the maps and plats on file in the case were in harmony with each other and gave the property the same location rather than different locations. On this point appellant cites us to *Crosby v. Dowd,* 61 Cal. 557, but what was said there with reference to description is scarcely applicable here for the reason that that was an ejectment case; but the doctrine announced in that case has been repudiated by the California court in the later cases of *De Sepulveda v. Baugh,* 74 Cal. 470, 5 Am. St. Rep. 455, 16 Pac. 223, and *In re Madera Irr. Dist.,* 92 Cal. 296, 27 Am. St. Rep. 106, 28 Pac. 272, 675, 14 L. R. A. 755. We think in this case the description is not so defective as to justify a refusal of the judgment. The practice, however, of referring to extraneous matters in the findings and judgment for definite description, or any other matter that should be contained in the findings and judgment, is one which should be discouraged. We think the trial courts should incorporate all such matters in their findings and judgments without making any reference whatever to any matters not therein contained, and by so doing much of this character of discussion and this class of appeals would be avoided.

Counsel for the respective parties have gone quite exhaustively into the question of the kind, character and extent of the title which plaintiff acquired to this right of way, and have discussed the question as to whether the same was a fee or only a specific easement. The evidence has not been brought before us, and for that reason we do not think we are at liberty to enter into a discussion of those questions. This appeal only brings up the judgment-roll, and since we find no error therein, the judgment must be affirmed, and it is so ordered. Costs awarded to respondent.

Stockslager, C. J., and Sullivan, J., concur.