BENNET *VS.* MORRIS.

1. A verdict in trespass to try title, should describe with reasonable certainty, the land intended to be covered thereby, or the judgment founded on it will be reversed on error.

2. A verdict in the following words, "We find for the plaintiff, and give him 120 feet on the south side of St. Michael street, commencing at the centre of the house occupied by James Wilson, in 1817, and running 60 feet east and west, by 120 feet south"—is too vague and uncertain to sustain a judgment.

3. The English rule, that plaintiff in ejectment takes possession of the premises recovered at his peril, and must be governed by the evidence given on the trial—has never been adopted in this State.

Error to Mobile Circuit court.

Trespass to try title—before *Pickens*, J.

This action of trespass, was brought by the defendant in error, against the plaintiff in error, to recover a lot of land in the city of Mobile. It is described in the declaration, as "a messuage or close, situate, lying and being in the city of Mobile, on the south corner of Jackson and St. Michael street, having a front one hundred and twenty feet on Jackson street, and running back parallel with St. Michael street one hundred and twenty feet, and having a front of one hundred and twenty feet on St. Michael street."

Issue being joined on the plea of not guilty, the jury found a verdict for the defendant in error, in the following words:

"We find for the plaintiff, and give him one hundred

and twenty feet on the south side of St. Michael street, commencing at the centre of the house occupied by James Wilson, in 1817, and running sixty feet east and west, by one hundred and twenty feet south."

The court renders judgment for the plaintiff below, in the language of the verdict of the jury, and directs a writ of possession to issue to the sheriff, commanding him to put the plaintiff below in possession of " said real estate."

The errors now relied on are—

1. That the verdict is uncertain, insufficient, and not responsive to the issue;

2. That the judgment is uncertain, insufficient, and not for the land described in the declaration.

*Stewart*, for plaintiff in error.

*Dunn*, contra.

ORMOND, J.—The case of Thomas Sturdevant against the heirs of Murrell, decided at the last term of this court, is decisive of the present question. In that case, as in this, the objection was to the uncertainty of the verdict and judgment. In that case, also, as in this, the verdict did not ascertain, with any precision, the land withheld from the plaintiff, and of which the sheriff, on the writ of *habere facias possessionam*, was to put him in possession.

The verdict, in this case, is for " one hundred and twenty feet on the south side of St. Michael street, commencing at the centre of the house occupied by James Wilson, in 1817, and running sixty feet east and west,

by one hundred and twenty feet south, and assess the damages, &c."

This description would suit any lot of one hundred and twenty feet in St. Michael street, and therefore certainly too vague, unless the generality of the description can be controlled by its being said to be opposite *the centre of the house occupied by James Wilson, in eighteen hundred and seventeen.* If, instead of referring to the occupancy of a house by a person twenty years since, the reference had been to some monument, or other actually existing thing, it might have been sufficient, by affording some certain data on which the sheriff might act, in executing the judgment of the court. What house a person occupied twenty years since, might be a matter of great doubt, and would be so uncertain, as to leave the whole matter almost entirely in the discretion of the sheriff.

It was urged by the defendant's counsel, that the plaintiff below must take possession at his peril, and would be governed by the evidence given at the trial. But this court held, in the case above cited, that the rule insisted on, which seems to prevail in England, has not been adopted in this State, owing, in a great degree, perhaps, to the difference between the action of ejectment in that country, and the action of trespass to try titles, in this.

The verdict should describe, with reasonable certainty, the land intended to be covered thereby, or the judgment founded on it will be reversed on error.

Let the judgment be reversed, and the cause remanded.