# Carlisle *v.* Killebrew.

| 91 | 351 |
| 108 | 320 |
| 109 | 388 |

*Motion to set aside Judgment in Ejectment.*

1. *Amending or setting aside judgment at subsequent term.*—A court has no power to amend, alter, or set aside a final judgment at a subsequent term, except for the correction of clerical errors, or where the judgment is void on its face for want of jurisdiction, either of the subject-matter or the parties.

2. *Description of lands in judgment.*—A judgment in ejectment for "Fraction 12, a part of the S. E. ¼ and N. E. ¼, sec. 16, T. 4, R. 4, containg 34.75 acres," following the description in the verdict and complaint, is not void on its face on account of uncertainty in the description.

APPEAL from the Circuit Court of Dale.

Tried before the Hon. H. D. CLAYTON, as special judge.

This was a motion by R. K. Carlisle, to vacate and set aside a judgment recovered against him, at a former term of the court, by M. N. Killebrew, for a tract of land "which was described in the complaint, verdict and judgment, as Fraction 12, a part of the S. E. ¼ and N. E. ¼, sec. 16, T. 4, R. 4, containing 34.75 acres." On the evidence adduced, which it is unnecessary to state, the court overruled and refused the motion; and its judgment, to which an exception was reserved, is now assigned as error.

H. L. MARTIN, for appellant.

H. H. BLACKMAN, *contra.*

COLEMAN, J.—A court is without power to alter, vary or annul final judgments, after the close of the term at which they were rendered, unless it be for the correction of clerical errors or omissions. When a court, however, has rendered a judgment void on its face, either from a want of jurisdiction of the subject-matter or of the parties, such judgment may be vacated at any subsequent term.—*Buchanan v. Thomason,* 70 Ala. 402; *Baker v. Barcliff,* 76 Ala. 417; *Cox v. Jones,* 40 Ala. 296.

Every judgment of a court of justice must be perfect in itself, or capable of being made perfect by reference to the pleadings or to the papers on file in the cause, or to other perti-

nent entries on the docket.—*Alexander v. Wheeler*, 69 Ala. 342. In the case in 69 Ala., *supra*, the verdict was, "We, the jury, find for the plaintiff, for the land running to the Ferguson & Allen line," and the judgment followed the verdict. The verdict was special, evidently for a part of the land sued for, and there was nothing in the pleadings or papers on file, or entries, to define where the Ferguson & Allen line was. The judgment was held void for uncertainty.—*Jenkins v. Noel*, 3 Stew. 74.

In the case under consideration, the judgment of the court follows the pleadings, and the lands described in the judgment accord exactly with those in the declaration. In ejectment, a general verdict is sufficient.—*Chapman v. Holding*, 60 Ala. 522. A verdict for the land in the declaration described, has been held to be sufficiently specific, althogh the declaration does not precisely ascertain the quantity or boundaries.—Tyler on Ejectment, p. 581. If the verdict is for a less number of acres than mentioned in the declaration, it is necessary to describe either the lands to be recovered, or those denied by the verdict.—Tyler on Ejectment, pp. 785, 821. When the judgment refers to some monument, or existing thing, to designate a boundary, it is sufficient.—*Bennet v. Morris*, 9 Por. 173. Where no statute controls, the certainty of a verdict may be established by a reference in it to monuments on the ground, to recorded deeds, or diagrams filed of record, or to warrants of survey, or to an "old hedge row."—Sedwick & Wait on Trial of Titles to Land, §§ 499, 501. Declaration describing land as a certain lot, designating it by number, in a certain town, or according to a certain plat, is sufficient.

These authorities are ample to show that the description need not be such as the court judicially knows to be a subdivision of land. "It is by no means essential that, from a mere inspection of the description, the court should be enabled to know what lands were intended. The tract may be designated by some name not understood by the court, but perfectly familiar to all persons acquainted with the neighborhood, in which the land is situated. Evidence may be received to show the signification of such a name, or to show that any other descriptive words, though apparently meaningless or uncertain, do, in fact, designate a particular tract in such manner that its identity would be apparent to persons with whom it is familiar."—See *Sepulveda v. Baugh*, 74 Cal. 468; 5 Amer. St. Rep. 455, and note; Freeman on Executions, § 281.

Under these principles, we hold, that a judgment describing the lands as "Fraction No. 12, a part of the South-east quarter and North-east quarter of section 16, T. 4, R. 4,

[Caldwell v. Pollak.]

containing thirty-four 75-100 acres," and which description follows that in the declaration, is not void upon its face.—*Carlisle v. Killebrew*, 89 Ala. 334. The exact number of acres is given, and there may be "diagrams", "surveys", "plats", from which the exact limits and boundary lines of "Fraction No. 12" may be ascertained. We have not considered the evidence introduced on the motion to vacate the judgment. If legal, such would only confirm the correctness of the conclusion to which we have arrived. "When a patent has been issued by the proper officers, the presumption is in favor of its validity. It is *prima facie* evidence that all incipient steps have been regularly taken, before the title was perfected by the patent." *Schnee v. Schnee*, 99 Amer. Dec. 184.

The Governor's patent to these lands designates them as "Fraction No. 12", and the further description in the patent is the same as that of the judgment. The question as to whether the Governor issued more patents than one to different persons for the same land, or patents for more land than the section contained, or who has the superior title to the land in controversy, or whether there is such error in the judgment as would require a reversal on appeal, does not arise on the record, and can not be considered.

Affirmed.