# Carter, *et al. v.* Smith.

*Motion to Vacate Judgment.*

(Decided June 13, 1907. 44 South. 424.)

*Judgment; Vacation; Appeal; Presumption.*—In the absence of information as to what proof was made before the trial court, it will be presumed on appeal that the designations of the property furnished sufficient data to render the description intelligible and so to uphold the verdict and judgment.

APPEAL from Conecuh Circuit Court.

Heard before Hon. J. C. RICHARDSON.

[Carter, et al. v. Smith.]

Action by Mary R. Smith against George M. Carter, and others in ejectment. There was a verdict for plaintiffs and judgment entered accordingly. Defendants moved to quash the verdict and to annul and set aside the judgment upon grounds suggested in the opinion of the court. The court denied the motion and movants appealed. Affirmed.

JAMES F. JONES, for appellant.—The verdict in this case was void for uncertainty.—*Alexander V. Wheeler*, 69 Ala. 332; s. c. 78 Ala. 167; *Carlisle v. Killebrew*, 91 Ala. 351.

HAMILTON & CRUMPTON, STALLWORTH & BURNETT and JAMES A. STALLWORTH, for appellee.—The record shows no judgment on motion of the lower court for appellant, and the appeal should be dismissed.—*Ferrall v. City of Opelika*, 144 Ala. 135; *Morgan v. Flexner, et al.*, 105 Ala. 356. There was sufficient data to render the description intelligible and the motion was properly denied.—*Flack v. Andrews*, 86 Ala. 395; *Southern Iron Works v. Central of Ga. Ry. Co.*, 131 Ala. 649.

SIMPSON, J.—This appeal is from a judgment of the court overruling a motion to vacate a judgment previously rendered and quash the verdict on which said judgment was rendered. The gravamen of the contention of the appellant is that the description of the land recovered in the action of ejectment is so indefinite and defective as to render the same void.

It is true that the description in the complaint of the land sued for is evidently erroneous in some particulars, as, for instance, when the land is described as "beginning at the intersection of McGee and Belleville street, on the south side of McGee street and west side of Belleville street, running thence westerly along the

[Carter, et al. v. Smith.]

west side of Belleville street," from which it appears that the scrivener got either the points of the compass or the direction of running wrong. Yet at the close of the description it is stated to be "the Amos Chapman old place in Conecuh county, Ala." Then in the verdict and judgment the recovery is for the land sued for, except that portion of it "bounded on the north by Belleville street, thence in a westerly direction along said Belleville street," etc.—not indicating at what point on Belleville street the point of beginning is. Yet this description closes with the words, "the same lot sold by P. C. Walker to Mrs. R. Hirschfelder in April, 1882, recorded in Book J, page 183, containing one and three-quarters acres more or less." We have no information as to what proof was made before the court trying the case, and we must presume, in support of the correctness of the verdict and judgment, that these designations of the property furnished sufficient data to render the description intelligible.—*Baucum & Jenkins v. George*, 65 Ala. 259, 268; *Eufaula Nat. Bank v. Pruett, et al.*, 128 Ala. 470, 30 South. 731; *Caston, et al. v. McCord*, 130 Ala. 318, 30 South. 431, and cases cited; *Seymour, et al. v. Williams*, 139 Ala. 415, 36 South. 187; *Carlisle v. Killebrew*, 91 Ala. 351, 8 South. 355, 24 Am. St. Rep. 915; *De Sepulveda v. Baugh*, 74 Cal. 468, 16 Pac. 223, 5 Am. St. 455, and note; *Threlkeld v. Allen, et al.*, 32 N. E. 576, 133 Ind. 429.

The judgment follows the description in the complaint as to the entire block of land, and follows the verdict of the jury as to the part which is excepted; so there is no force in the suggestion that the judgment of the court does not follow the verdict.

The judgment of the court is affirmed.

TYSON, C. J., and HARALSON and DENSON, JJ., concur.