# Bradford, *et al. v.* Sneed, *et al.*

*Ejectment.*

(Decided Nov. 16, 1911. 56 South. 532.)

1. *Ejectment; Verdict; Description of Property.*—A verdict in ejectment should designate the land affected so that the sheriff may be able to identify it without the aid of extrinsic evidence, and will not support a judgmnt if it does not do so.

2. *Same.*—Where the verdict was, for the lands sued for in the complaint, and the complaint described the lands sued for as all that part of the land belonging to and now in possession of defendant, which lies in a certain part of the section, the verdict is insufficient, as it cannot be ascertained from the verdict, when construed in the light of the pleadings, how much land was intended to be covered, nor in what part of the subdivision mentioned, it was located.

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES S. SENN.

Ejectment by Carrie Bradford and others, against John Sneed and others. Judgment for plaintiff, and on motion of defendant the judgment was arrested on account of the insufficient description of the verdict, and the plaintiff appeals and seeks mandamus to compel the circuit judge to annul said order granting said motion in arrest of judgment. Affirmed.

C. B. POWELL, for appellant. The description was sufficient.—*Rayburn v. Elrose,* 43 Ala. 700, and cases there cited. A complaint good against demurrer will support a judgment.—*Williamson v. The Bank,* 3 Ala. 504; *Francois v. The State,* 20 Ala. 83; *Sparks v. The State,* 59 Ala. 82.

[Bradford, et al. v. Sneed, et al.]

WILLIAM M. WALKER, for appellee. The court properly granted the motion in arrest of judgment.—*Sturdivant v. Murrell*, 8 Port. 312; *Bennett v. Morris*, 9 Port. 172; *Jenkins v. Neal*, 3 Stew. 75; 2 Enc. P. & P. 805. Judgments will be arrested when the verdict is not sufficient to sustain them.—*Alexander v. Wheeler*, 69 Ala. 332; *Goodwyn v. Foreman*, 114 Ala. 492.

SIMPSON, J.—This is an action of (statutory) ejectment, brought by the appellants against the appellees. There was a verdict in favor of the plaintiffs, and a motion in arest of judgment was sustained by the court, on account of the insufficiency of the description, in the verdict, of the property recovered. From this judgment the appeal is taken, and a motion is made for a writ of mandamus to the circuit judge, requiring him to set aside said order granting said motion in arrest of judgment.

The verdict is simply "for the lands sued for in the complaint," and the complaint described the lands sued for as "all that part of the lot of land now in possession of defendant which lies in S. ½ of S. E. ¼ of N. W. ¼ of S. W. ¼ of section 26, township 17 south, range 3 west, situated in Jefferson county, Alabama.

This court has been very liberal in sustaining the validity of descriptions in deeds and in complaints, when the land is so described as to furnish data from which the description can be made certain. In the case of *Heifner v. Porter & Simmons*, 12 Ala. 470, the matter came up on demurrer to the declaration, and the court held that the mention of "80 acres at the west end" of a half section meant the W. ½ of the S. W. ¼, and that the exception of "a lot donated for a schoolhouse," was merely an admission that there was a lot upon the premises previously dedicated for the purposes of

schools. Other cases referring to the language of deeds and complaints recognize a description referring to some generally known, as, for example, the "Sulphur Springs church ground" in a certain quarter of a quarter of a section (*Rayburn v. Elrod et al.*, 43 Ala. 700), or "known as the Silas place" in a certain half section (*Seymour v. Williams*, 139 Ala. 414, 36 South. 187). Also a deed is admissible as color of title, when parol testimony makes the land intended to be described certain.—*Rogers v. Keith et al.*, 148 Ala. 223, 42 South. 446.

But it is quite a different proposition when it is a verdict which is under consideration. The verdict must point out the land with such particularity that the sheriff can locate it, without evidence extrinsic of the record, for he cannot take testimony and pass upon its effect. Several of our early cases draw attention to the fact that our courts do not follow the English practice, which gave great latitude in these matters, allowing the plaintiff to point out to the sheriff the land, and take possession at his peril, but demand that "the verdict and judgment must ascertain to a common intent the precise lot or tract recovered, and that this must appear either in the verdict and judgment, or by the usual reference to the declaration."—*Jinkins v. Noel*, 3 Stew. 60, 75, 83; *Sturdevant Heirs v. Murrell*, 8 Port. 317, 321, 323; *Bennett v. Morris*, 9 Port. 171, 173. And in the case of *Webb et al. v. Reynolds*, 139 Ala. 398, 401, 36 South. 15, 16, this court sustained a verdict like the one in the case at bar, only because "the description of the land sued for was sufficiently described in the complaint."

"A verdict is the act of the jury, and cannot be aided either by intendment, or a reference to extrinsic facts." —*Sewall v. Glidden*, 1 Ala. 57; *Clay v. State*, 43 Ala.

353. A verdict in ejectment by which the lands sued for cannot be identified by construing it in the light of the pleadings, without resort to extrinsic evidence, is too uncertain to support a judgment.—*McCullough v. East Tennessee, V. & G. Ry.,* 106 Ga. 275, 32 S. E. 97.

In the case at bar it cannot be ascertained, from the verdict and the complaint, how much land was intended to be covered by the description, nor in what part of the subdivision mentioned it was. In order to ascertain the amount and location of the land, it would be necessary for the sheriff to take testimony and pass upon its effect. The description of the land in the verdict is insufficient.

The judgment of the court is affirmed.

Affirmed.

All the Justices concur.