# Peters *v.* The State.

### *Disbarment Proceedings.*

(Decided May 13, 1915. Rehearing denied June 30, 1915.
69 South. 576.)

1. *Attorney; Disbarment; Review; Trial.*—Construing sections 2992, 3002, 3008, and 4143, Code 1907, it is held that an appeal from a judgment of disbarment is not a case for trial de novo in the Supreme Court, and that to present for review the decision of the trial court to disbar, rather than to suspend, it is necessary to save that question in the trial court.

2. *Pleadings; Construction; Objections.*—All intendments are resolved in favor of pleadings to support the judgment rendered, where the sufficiency of the pleading is not appropriately questioned in the court below.

3. *Attorney; Disbarment; Proceeding.*—Within section 2992, Code 1907, "deceit" means concealment or false suggestion by an attorney in his professional capacity of employment to injure a person or to mislead a court; and where an attorney collects notes for his clients and marks them "paid," and thereafter purposely and falsely advises the client in answer to inquiry that the notes have not been collected, and are in litigation, he is guilty of deceit, and of willful misconduct justifying his disbarment.

4. *Same; Collection and Payment.*—The total sum of money collected by an attorney for his client, and not the balance after deduction of the attorney's fee, belongs to the client, and it is the duty of an attorney to pay same over without unreasonable delay.

APPEAL from Tallapoosa Circuit Court.

Heard before Hon. S. L. BREWER.

On proper proceedings Massey Peters was removed and disbarred from the practice of law in all of the courts of this state, and he appeals. Affirmed.

[Peters v. The State.]

M. PETERS, pro se.

W. L. MARTIN, Attorney General, and J. P. MUDD, Assistant Attorney General, for the State.

McCLELLAN, J.—This is an appeal from a judgment of the circuit court of Tallapoosa county removing and disbarring the appellant from the practice of law in all the courts of this state. The proceeding to disbar him was instituted by the central council of the Alabama State Bar Association.—Code, §§ 2995, 2996. It is prosecuted, as provided by law, in the name of the state; and the solicitor of that circuit represented the state in the prosecution, as the statute directs.—Code, § 3004. The accusation and information on which the judgment of disbarment entered is as follows:

"Comes W. B. Bowling, solicitor of the Fifth judicial circuit, and presents for disbarment Matthew Peters, and does accuse and charge: That the said Matthew Peters is an attorney at law, who was regularly licensed heretofore by and under the laws of Alabama to practice the profession of law in the courts of Alabama, and that he has heretofore at the time of being licensed taken the oath of an attorney at law prescribed by the laws of the state of Alabama, and since being so licensed has practiced and is now practicing his said profession in Alexander City,, Tallapoosa county, Alabama. That the said Matthew Peters has been guilty of deceit and willful misconduct in his said profession of the law, and that the said deceit and willful misconduct consisted in this: That on, to wit, April 29, 1913, at Alexander City, in said state, while acting under employment as the attorney of one L. H. Brassell to collect from one Morgan D. Jones the indebtedness due on, to wit, five certain promissory notes, the property of said L. H.

Brassell, amounting to the sum of, to wit: Sixty-seven and 51/100 dollars, he, the said Matthew Peters, did collect and receive from the said Morgan D. Jones the amount of, to wit, $67.51 in money of the United States, and in recognition thereof did mark and indorse on the back of each said five notes the following: 'Paid April 29, 1913. M. Peters, Atty. That afterwards, having collected the said indebtedness as attorney for the said Brassell as aforesaid, the said Matthew Peters did on, to wit, June 23, 1913, having failed to account to the said Brassell for the said money so collected for him, in response to an inquiry from the said Brassell, and with the intent to deceive him and conceal from him the fact of said collection, did on, to wit, June 23, 1913, write and send to him by mail a letter in language as follows: 'Alexander City, Ala., 6/23/1913. Hon. L. H. Brassell, Andalusia, Ala.—Dear Sir: Your registered letter in regard to Morgan matter was duly received but I have been too busy to get to the matter until today. I am certain that I have replied to your previous letters about this matter, which you do not appear to have received. I am giving this matter attention, and hope to get the money for you. Yours very truly. (Signed) M. Peters.' Which said letter was received by the said L. H. Brassell, and that the said 'Morgan matter' mentioned in said letter was intended to designate the said indebtedness of said Morgan D. Jones.

"And the state of Alabama, by its solicitor, further charges that the said Matthew Peters has been further guilty of deceit and willful misconduct in his said profession of the law, and that the said deceit and willful misconduct consisted in this: That after having made the collection of the said moneys from the said Morgan D. Jones, as aforesaid, while still acting as an attorney

[Peters v. The State.]

for the said Brassell, and having still failed to account to the said Brassell for the said moneys so collected for him, the said Brassell, the said Matthew Peters, in response to a further inquiry from the said Brassell, and with the further intent to deceive him and conceal from him the fact of said collection, did on, to wit, July 23, 1913, write and send to him by mail a letter in language as follows: 'Alexander City, Ala., 7/23/1913. Hon. L. H. Brassell, Andalusia, Ala.—Dear Sir: Your letter in regard to the Morgan matter to hand noted. I am giving this matter attention, and hope to arrange a settlement at the earliest possible date. Yours very truly, (Signed) M. Peters.' Which said letter was received by the said L. H. Brassell, and that the said 'Morgan matter' mentioned in said letter was intended to designate the said indebtedness of the said Morgan D. Jones.

"And the state of Alabama, by its solicitor further charges that the said Matthew Peters has been further guilty of deceit and willful misconduct in his said profession of the law, and that the said deceit and willful misconduct consisted in this: That after having made the collection of the said moneys from the said Morgan D. Jones as aforesaid, while still acting as the attorney for the said Brassell, and having still failed to account to the said Brassell for the said moneys so collected for him, the said Brassell, the said Matthew Peters, in response to a further inquiry from the said Brassell, and with the further intent to deceive him, and conceal from him the fact of said collection, did on, to wit, September 1, 1913, write and send to him by mail a letter in language as follows: 'Alexander City, 9/1/1913. Hon. L. H. Brassell, Andalusia, Ala—Dear Sir: Your letter on 29th ult. in regard to Morgan matter to hand and contents noted. This matter is in court

and is having every consideration. I believe the matter will settle the 15th of this month. Yours very respectfully, (Signed) M. Peters.' Which letter was received by the said L. H. Brassell, and that the said 'Morgan matter' mentioned in said letter was intended to designate the said indebtedness of the said Morgan D. Jones."

Notice of the accusation, together with a copy of the above-copied information, was served on appellant by the sheriff, and appropriate return of this service was made to the circuit court. The minute entries in and about the proceedings are as follows:

"State of Alabama v. Matthew Peters, No. 538. March 31, 1914. Motion on file withdrawn by defendant. The defendant having failed or refused to answer the accusation in this case, it is the judgment of the court that the defendant be removed and disbarred from the practice of law in all the courts of the state of Alabama. * * * Judgment against defendant for costs of proceedings."

"State of Alabama v. Matthew Peters. Disbarment Proceedings. In Tallapoosa Circuit Court, Spring Term, 1914, March 31, 1914. On the 31st day of March, 1914, comes W. B. Bowling, the solicitor, who prosecutes for the state of Alabama; also comes the defendant in person and by attorney, and the defendant by leave of the court withdraws motion on file; and the defendant having failed or refused to answer the accusation set forth in this cause, it is thereupon considered, ordered, and adjudged by the court, and it is the judgment of the court, that said Matthew Peters, be and he is hereby removed and disbarred from the practice of law in all the courts of the state of Alabama. * * * It is further ordered and adjudged by the court that

[Peters v. The State.]

the defendant pay all costs in this behalf expended, for which let execution issue."

There is no bill of exceptions; and what has been set out above is all of the record that is at all material to the single inquiry possible of consideration on the record and under the one assignment of error made on the record, viz.: "The court erred in entering judgment disbarring appellant from practicing law in the various courts of this state."

(1) Section 3002 of the Code provides: "If the accused pleads guilty or fails or refuses to answer the accusation, the court must proceed to judgment of suspension or removal.  *  *  *"

It affirmatively appears from the record certified here that the appellant had full notice of the proceeding, that he appeared in response thereto and filed a motion, and that he withdrew his motion by leave of the court. It further affirmatively appears from the record certified here that the appellant failed or refused to answer the accusation, thus authorizing and requiring the court, under the mandate of the statute before quoted, to proceed to enter judgment in the premises, without the necessity for the introduction of any evidence.

There being no demurrer or other objection to the pleading, and no bill of exceptions, the only possible question that could be the subject of review on this record is whether the information was sufficient to support the judgment—whether is set forth a charge, invoking the court's jurisdiction, under Code, § 2992, providing for the removal or suspension of any attorney who has been guilty of any deceit or willful misconduct in his profession.—Code, § 4143, provides: "No judgment can be arrested, annulled, or set aside, for any matter not previously objected to, if the complaint contain a sub-

stantial cause of action."—*Railroad Co. v. Hanlon,* 53 Ala. 70; *Smith v. Dick,* 95 Ala. 311, 10 South. 845.

Code, § 3008, provides: "Either party may appeal to the Supreme Court from any adverse judgment rendered by said circuit court, city court, or court of like jurisdiction, in said proceedings, in the manner now prescribed by law for appeals in civil cases, and may reserve by bill of exceptions any question proper to be reserved in civil causes and the judgment rendered in said proceedings, and the Supreme Court may affirm, modify, or reverse such judgment, or render judgment in such proceedings as the circuit court, city court, or court of like jurisdiction should have rendered. An appeal by the defendant shall suspend the judgment till the determination of the appeal."

It is plain that appeals in such cases are not trials de novo in this court. The statute (Code, § 3002) vests in the trial court the power, and imposes thereon the duty, to decide whether the attorney charged shall be disbarred or merely suspended. In order to present for review a trial court's decision to disbar, rather than suspend, an attorney, it is necessary to save the question in the trial court. It cannot be presented here for the first time. Hence there cannot be on this record any review of the trial court's conclusion to disbar, rather than suspend, the attorney.

(2)   Where the sufficiency of a pleading is not appropriately questioned below, all intendments are resolved in favor of the pleading to support the judgment. *Werten v. Koosa,* 169 Ala. 258, 263, 53 South. 98, among others readily accessible.

(3)   Deceit, as employed in that section, implies concealment or false suggestion by an attorney to injure a person, or to mislead a court, while acting in a profes-

[Peters v. The State.]

sional capacity, or in the course of professional employ-
ment.—*In re Post,* 7 N. Y. Supp. 438. The allegations
of facts in the information make a clear case of deceit,
within the statute. It appears therefrom that the col-
lection of notes belonging to a client had been effected
by the appellant and the notes surrendered to the payor,
and that thereafter, in response to inquiry by the client,
he not only did not advise him that the money had
been paid to him by the payor in the notes, but he wrote
the client, to whom the money belonged, letters unmis-
takably conveying the impression, and manifestly in-
tending to convey the impression, that the money had
not been paid, when, as stated, it had been paid to the
appellant. It appears from the information that the
money was paid to the appellant on April 29, 1913; that
on June 23, 1913, approximately two months later, he
wrote his client, "I am giving this matter attention,
and hope to get the money for you;" that on July 23,
1913, approximately three months after the money was
paid to him, he wrote his client, "I am giving this mat-
tention, and hope to arrange a settlement at the earliest
possible date;" and that on September 1, 1913, approx-
imately four months after the money was paid to him,
he wrote his client, "This matter is in court and is hav-
ing every consideration. I believe the matter will set-
tle the 15th of this month."

(4) According to the averments of fact set forth
in the information, the appellant purposely and falsely
advised the client, even after inquiry, that the money
had not been collected, when it had been received by
the attorney. From this status of averred fact it neces-
sarily resulted that the client to whom the money belong-
ed, was injured in his rights by being deprived of the
possession of his funds then already paid to the attor-

ney, and, on the other hand, the further wrongfully wrought result of conferring on the attorney the benefit, naturally to be supposed, arising from his continued retention, of the fund. "Money collected by an attorney for his client belongs, of course, to the client—not a part of it merely, but all of it; not a balance after deducting the fee of the attorney, but the total sum collected." *MacDonald v. State,* 143 Ala. 109, 39 South. 257. It is the duty of the attorney who has collected funds for a client to pay the same to the client, or to the client's authorized representative, without unreasonable delay. Obviously, to purposely mislead and deceive the client, or person entitled to money, in respect of the collection already made, as this appellant is charged with having done in the information—a charge he did not attempt to explain or deny, when opportunity to do so appears from this record to have been afforded him—was both a deceit and willful misconduct, within the meaning of the quoted statute. The question here *is not, as its statement demonstrates, a matter of* inquiry under or affected by the statutory system, whereby summary judgments against attorneys are authorized. The ground of the inquiry is that of conduct of the attorney in his professional capacity, as that conduct is disclosed by the averments of the information. That the information sufficiently states a good cause of removal of an attorney is beyond any sort of doubt.

The judgment removing and disbarring the appellant is not affected with error. It must therefore be affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and GARDNER, JJ., concur in the opinion and in the conclusion. MAYFIELD,

SAYRE, and THOMAS, JJ., concur in the conclusion and in the opinion, except as explained in the following statement prepared by them:

MAYFIELD, SAYRE, and THOMAS, JJ., (concurring). We would not be understood as holding that this court might not, on this record modify the punishment imposed by the trial court, if we were so inclined upon consideration of the proper proportion between the acts charged and the punishment visited upon them.