# Pennington *v.* Mixon.

### Ejectment.

(Decided February 8, 1917. 74 South. 238.)

1. **Appeal and Error; Discretion of Court; Amendment; Reopening Case.** —An amendment allowed in ejectment after closing testimony and making arguments, permitting a different description to be added to complaint, and allowing further testimony thereon, was within court's discretion, which, not shown to have been abused, will be conclusive.

2. **Ejectment; Disclaimer.**—Defendant's disclaimer in ejectment suit, filed as permitted by Code 1907, Sec. 3843, was an admission of plaintiff's title, with denial of defendant's possession; and, where issue is not joined on this plea, plaintiff is entitled to judgment.

3. **Ejectment; Verdict; Responsiveness to Issue.**—Verdict in ejectment, allowing recovery of certain lands, held not to define the boundary line, which was the sole issue involved, defendant having disclaimed possession and suggested a boundary dispute as permitted by Code 1907, Sec. 3843.

4. **Ejectment; Verdict; Designation of Boundary.**—Verdict in ejectment, describing boundary as commencing at stake set by a certain man, although somewhat uncertain, cannot be said to be so unserviceable as to affect an otherwise sufficient verdict.

5. **Ejectment; Trial; Scope of Issue; Statute.**—No issue of title or adverse possession is triable in an ejectment suit, where defendant files disclaimer and suggests a boundary dispute as permitted by Code 1907, Sec. 3843.

6. **Boundaries; Evidence; Surveyor's Opinion.**—A duly qualified competent surveyor may give his opinion as to the true location of the line between properties or as to divisions of land according to government calls.

APPEAL from Houston Circuit Court.
Heard before Hon. H. A. PEARCE.

[Pennington v. Mixon.]

Statutory ejectment by Travis Mixon against Thad B. Pennington. Judgment for plaintiff and defendant appeals. Reversed and remanded.

F. M. GAINES and E. S. THIGPEN for appellant. FARMER & FARMER and T. M. ESPY for appellee.

McCLELLAN, J.— (1) Mixon sued Pennington in statutory ejectment to recover a plat of land lying between their respective larger, uncontested holdings. Over the objection of the defendant (appellant), and after evidence taken and after arguments made, the court suspended the trial and permitted the plaintiff to add count 2 to the complaint, wherein a different description (from that appearing in the original count) of the land sued for was introduced into the pleading, and thereupon allowed further testimony to be taken. There can be no question of the right of the court to exercise and to give effect to a discretion in such circumstances; and nothing is made here to appear that would warrant this court in concluding that the discretion reposed in the court was abused. The judgment entry recites:

"The defendant disclaims possession of the land sued for, and suggests that the suit arises over a disputed boundary line.. The court then made up the issue as to where the true boundary lines between the lands of the plaintiff and defendant, it appearing that the plaintiff owns the N. W. ¼ of N. W. ¼ of section 31, township 1, and range 27, and that the defendant owns the S. W. ¼ of S. W. ¼ of section 30, township 1, range 27. Thereupon came a jury of good and lawful men, to-wit, M. M. Wade, foreman, and 11 others, who upon their oaths do say: 'We, the jury, find the true line between the N. W. ¼ of N. W. ¼ of section 31, township 1, range 27, and the S. W. ¼ of S. W. ¼ of section 30, township 1, range 27, to be the line beginning on the range line between ranges 26 and 27 on the west side of N. W. ¼ of N. W. ¼ of section 31, township 1, range 27, where Travis Mixon, on November 5, 1915, drove or put down a light wood stob, or stake thence running south 1 degree 22½ minutes east.' It is therefore considered and adjudged by the court that the plaintiff, Travis Mixon, have and recover of the defendant, Thad Pennington, the lands sued for, to-wit: Beginning at a point on the range line between ranges 26 and 27 on the west side of N. W. ¼ of N. W. ¼ of section 31, township 1, range 27, where

the said Travis Mixon, on November 5, 1915, drove or put down a light wood stob or stake thence running south 1 degree and 22½ minutes east, as found and described by the jury, together with the costs in this behalf expended, for which let writ of possession and execution issue."

(2) The disclaimer filed by the defendant (Code, § 3843) was "an admission of plaintiff's title, with denial of defendant's posssession."—*Wade v. Gilmer*, 186 Ala. 524, 526, 64 South. 611, 612, and authorities there cited. No joinder in issue on the plea of disclaimer is shown by the record to have been taken. At the outset, after the disclaimer was filed, the plaintiff might have taken judgment upon it for the lands sued for.—*Torrey v. Forbes*, 94 Ala. 135, 10 South. 320; *Wade v. Gilmer, supra.*

(3) It is manifest that the line described in the jury's verdict as being the true dividing line between the N. W. ¼ of the N. W. ¼ of section 31 and the S. W. ¼ of the S. W. ¼ of section 30, both in township 1, range 27, in Houston county, Ala., does not define any such line as the single issue triable required to be defined.

(4) A fault in the verdict appears to probably result from the jury's error in using south for east and east for south in the phrase, "thence running south [i. e., east] 1 degree 22½ minutes east [i. e., south]." The reference in the verdict to a "stob or stake,' put down on a certain date by a certain man, is a somewhat uncertain means of defining the beginning point of a line, though we are not prepared to say it is so unserviceable as to affect a verdict or judgment otherwise sufficient.

(5) On the retrial likely to occur the evidence may be very much reduced and simplified if it is borne constantly in mind that no issue of title or adverse possession is triable when the defendant invokes the rule of Code, § 3843.

(6) A duly qualified, competent surveyor may give his opinion as to the true location of a line between properties or dividing certain divisions and subdivisions of land according to government calls.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.