(75 South. 355)

LESSLEY v. PRATER. (5 Div. 647.)

(Supreme Court of Alabama. April 26, 1917.)

1. FORCIBLE ENTRY AND DETAINER &mdash;38(2)— JUDGMENT—DESCRIPTION OF LAND—SUFFICIENCY.

Where the sufficiency of the description of land in a complaint, verdict, or judgment is brought into question, in an unlawful detainer suit, through direct and not collateral attack, the inquiry must be whether the property subject of the averment or recital is so designated as to identify it for the essential purposes that the defendant may be advised of what land he is called to defend, and the court of what land its powers are invoked, that an execution of such judgment as may be rendered may be effected, and that the judgment entered may be sufficiently definite as to its subject-matter to accomplish the law's aim through the application of the doctrine of res adjudicata.

[Ed. Note.—For other cases, see Forcible Entry and Detainer, Cent. Dig. §§ 163, 165.]

2. APPEAL AND ERROR &mdash;934(2)—REVIEW— SUFFICIENCY OF COMPLAINT—STATUTE.

Under Code 1907, § 4143, providing that no judgment can be arrested, annulled, or set aside for any matter not previously objected to, if the complaint contains a substantial cause of action, where the sufficiency of a complaint as stating a case of unlawful detainer was not appropriately questioned in the trial court, on appeal all intendments are resolved in favor of the pleading to support the judgment on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3777.]

3. FORCIBLE ENTRY AND DETAINER &mdash;38(2)— JUDGMENT—DESCRIPTION OF LAND—SUFFICIENCY.

In a forcible entry and detainer suit, a judgment awarding the plaintiff possession of "four acres of land, and house lying north of the Corbin road known as the R. A. Lessley estate, where the R. A. Lessley homestead is located, situated in the county of Coosa and state of Alabama in section 2, township 23 of range 17, and that writ of possession and execution issue," was a sufficient description of the land if "the R. A. Lessley homestead or estate" is a well-defined, distinct, and commonly known entity in that community, since in describing property in court proceedings reference may be made to existing things, such as recorded instruments, maps, etc., as well as complete areal entities that are known in the community where the land lies, if the description does not leave to the sheriff's ascertainment in executing the writ the effect of evidence or the decision of any question of fact.

[Ed. Note.—For other cases, see Forcible Entry and Detainer, Cent. Dig. §§ 163, 165.]

Appeal from Circuit Court, Coosa County; S. L. Brewer, Judge.

Forcible entry and detainer by W. B. Prater against J. J. Lessley. Judgment for

plaintiff for a portion of the land, and defendant appeals. Affirmed.

The land described in the complaint is a certain tract of land situated in Coosa county, Ala., to wit: About 155 acres of land in section 2, township 23, range 17, and known as the R. A. Lessley homestead, and more particularly described as the E. ½ of S. W. ¼, S. E. ¼ of N. W. ¼, S. ½ of N. E. ¼ of N. W. ¼, and 15 acres in the N. W. ¼ of S. W. ¼ north of the Corben road, on which the old Lessley homestead is located.

Riddle & Riddle, of Talladega, for appellant. George A. Sorrell, of Alexander City, for appellee.

McCLELLAN, J. [1] In the comparatively recent decision of Bradford v. Sneed, 174 Ala. 113, 115, 56 South. 532, this court announced, in effect, that there is a material difference between an uncertainty in description of land in a deed that will not suffice to justify the court in declaring the deed void for uncertainty in that respect and an uncertainty in a verdict or judgment that will require the court to declare the verdict or judgment void on that account. It may be that such a conclusion could be soundly deduced from the deliverances made in Jinkins v. Noel, 3 Stew. 60, 75, 85, and Sturdevant v. Murrell, 8 Port. 317. In both of these cases the fact was noted that the English practice of permitting the plaintiff to direct the sheriff of what lands he should be put in possession under the judgment, upon penalty of being held a trespasser if the possession thus given or taken was of more land than the recovery embraced, was not recognized in this state. Neither of the leading writers on Judgments (Black and Freeman) take any account of the distinction outdrawn in Bradford v. Sneed, supra. See 1 Freeman on Judgments, § 50c; 1 Black on Judgments, § 117. The distinction, predicated of a contrast, thus noted in the Bradford Case, may be more academic, or argumentative, than of practical service. Regardless of the acceptance or rejection of this distinction, the inquiry must ever be, in cases where the sufficiency of the description of land in a complaint, verdict, or judgment is brought into question through direct, not collateral, attack (Wright v. Ware, 50 Ala. 549; Leath v. Cobia, 175 Ala. 435, 440, 57 South. 972; Cotton v. Holloway, 96 Ala. 544, 550, 551, 12 South. 172), whether the property which is the subject of the averment or recital is so designated as to identify it, for these essential purposes, viz. that the defendant may be advised of what particular land he is called to defend and the court, with respect to what particular land its powers are invoked, that the execution of such judgment as may be rendered may be effected, and that the judgment entered may be sufficiently definite as to its subject-matter, the particular land, to accomplish the law's aim through the application of the doctrine of res adjudicata. According to Freeman the required degree of certainty in the description of land is such as will "leave its identity free from doubt." According to Black, the required degree of certainty is such as will identify the property "without reasonable opportunity for mistake." According to Eng. Rul. Cases, vol. 3, p. 595, the requirement is said to be that the judgment in this respect, as in other of its features, must be "reasonably certain in its terms." The text in 23 Cyc. p. 793, is to the same effect as Freeman's quoted statement. The statement of the pertinent text in 11 Ency. Pl. & Pr. pp. 954, 955, might, in some of its parts, be read in approval of a more exacting degree of certainty; and, if so, its conclusion would conflict with the pronouncement made in Jinkins v. Noel, supra, that scrupulous accuracy is not necessary. Freeman points out, at the section cited, that the California court accepted, but later repudiated, the extreme rule "that the description of land in a judgment must be perfect in itself, and could not [cannot] be aided by a reference in the judgment to any paper or record not constituting a part of the judgment roll in the case in which the judgment was rendered," thus excluding any recourse to define, to identify the subject of the adjudication through reference to the other aids to make certain the description of the property intended to be affected by the judgment. Notwithstanding the statement reproduced from Jinkins v. Noel in the Bradford Case, to the effect that the ascertainment of the presence of the requisite certainty in the description of the precise lot or tract recovered is limited to the verdict, judgment, and declaration, when appropriate reference is made to the description in the declaration; this court in later cases has recognized the efficacy of a reference in the complaint, verdict, or judgment to "some monument, or actually existing thing," as appropriate descriptive terms in such solemn affairs, concluding in the case to be first cited below with the affirmation that reasonable certainty in a verdict is the law's demand. Bennet v. Morris, 9 Port. 171, 173; Henley v. Bank, 16 Ala. 552, 559; Hurt v. Freeman, 63 Ala. 335, 336; Tenn. R. R. Co. v. East Ala. Ry. Co., 75 Ala. 516, 523, 51 Am. Rep. 475; Carlisle v. Killebrew, 91 Ala. 351, 8 South. 355, 24 Am. St. Rep. 915; Carter v. Smith, 151 Ala. 610, 44 South. 424; Rayburn v. Elrod, 43 Ala. 700, 704. While it must be regarded as settled with us that reference may be efficiently made, in describing property in court proceedings, to existing things, such, we think, as recorded instruments, maps, and the like, as well as complete areal entities as are known in the community where the land lies, it is equally established that the description, to be effective, must not leave to the sheriff's ascertainment in executing the writ the effect of evidence or the decision of any question of fact. Bradford v. Sneed, supra, where the verdict and the judg-

ment following it left entirely unstated what part of the land more generally described was then "in possession of the defendant." In the Carlisle Case it was said:

"Where no statute controls, the certainty of a verdict may be established by a reference in it to monuments on the ground, to recorded deeds, or diagrams filed of record, or to warrants of survey, or to an 'old hedgerow.'"

The Carter Case recognizes the force and soundness of this doctrine of the Carlisle Case. It is hardly necessary to repeat that a boundary or boundaries of land intended to be affected by a judgment may be efficiently defined by monuments or existing things within the rule recognized in Bennet v. Morris and Carlisle v. Killebrew. But when the judicial purpose is to describe a part only of the larger area, an area that is not definable by reference to it as a known entity, the verdict or judgment or the pleading to which the judgment or verdict refers must contain elements of description which do not leave the finding of the boundaries of the lesser area to the discretion or conclusion of the officer executing the writ. Such data may be afforded by reference in the judgment to monuments or existing things (Carlisle v. Killebrew), and, when set forth or referred to in the verdict or judgment, will be sufficient and serve the purpose of excluding the commission to the officer of any discretion in the premises.

[2] This action was commenced in a justice's court by appellee against appellant and another. The complaint appears to have been intended to state a case of unlawful detainer. Its sufficiency in that regard was not tested either in the justice's court or in the circuit court, to which it was removed on an appeal by the defendant from a judgment in favor of the plaintiff. Where the sufficiency is not appropriately questioned below, all intendments are resolved in favor of the pleading to support the judgment. Werten v. Koosa, 169 Ala. 258, 53 South. 98; Peters v. State, 193 Ala. 598, 604, 69 South. 576; Am. Bonding Co. v. N. Y. Co., 11 Ala. App. 578, 594, 66 South. 847. The application of this rule to the complaint filed in the justice's court and to the complaint, the same one on which the trial was had after appeal in the circuit court, requires the conclusion that the complaint, when favored with all reasonable intendments, did not fail to state a substantial cause of action. Code, § 4143, provides:

"No judgment can be arrested, annulled, or set aside, for any matter not previously object-ed to, if the complaint contain a substantial cause of action."

The report of the appeal will contain that part of the complaint describing the land in question.

[3] In the justice's court disclaimer of possession was entered of all the land sued for (about 155 acres) "except four acres on which R. A. Lessley homestead is located." As stated, no new complaint was filed in the circuit court. The judgment entry recites that issue was joined, and that:

"Thereupon came a jury * * * who * * * say on their oaths, 'We the jury find for the plaintiff the four acres of land and house lying north of the Corbin road, known as the R. A. Lessley Estate.'"

The judgment awarded to the plaintiff the possession of the following land:

"Four acres of land and house lying north of the Corbin road known as the R. A. Lessley estate where the R. A. Lessley homestead is located, situated in the county of Coosa and state of Alabama in section 2, township 23, of range 17, and that writ of possession and execution issue."

Unless the reference to the R. A. Lessley homestead will serve to efficiently describe the four acres in question, the judgment would be deficient (on appeal) in describing the area affected. According to the doctrine of the Carlisle and Carter Cases, it cannot be held that the judgment is void on its face. It may be that the "R. A. Lessley homestead or estate" is a well-defined, distinct, commonly known entity in that community, as much so, though doubtless differing in degree, as are some of the noted places of residence in other communities in the state. In Bradford v. Sneed, as has been already indicated, there was no statement of the area affected by the verdict or judgment, and the limit of the land sued for and recovered by the plaintiff was defined only by reference to the defendant's possession, a condition that was properly held to be wholly uncertain in its effect. If the homestead referred to as containing four acres, lying north of the Corbin road, on which there was a house, is a distinct entity, the limits of which are so defined as to be open to the sheriff's view, that officer will encounter no difficulty and will be called upon to employ no discretion in executing the writ of possession ordered to issue by the circuit court.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.