(78 South. 875)

FINNEY v. BAKER. (8 Div. 104.)

(Supreme Court of Alabama. April 4, 1918. On Rehearing, May 9, 1918.)

1. CERTIORARI ⬅27—QUASHING VOID JUDGMENT.

A judgment of inferior court, being void, was properly quashed by circuit court on petition for common-law certiorari to that end.

2. FORCIBLE ENTRY AND DETAINER ⬅38(2)—JUDGMENT—DESCRIPTION OF LAND—SUFFICIENCY.

A judgment in unlawful detainer that defendant restore to plaintiff land mentioned in complaint was void where the complaint to which reference was made bore only this matter of description: "* * * Two hundred and fifty (250) acres of land, more or less, on the McCalley place near Merrimack Mills in Madison county, state of Alabama. Being the same lands of which he has [was] heretofore in possession. * * *"

On Rehearing.

3. CERTIORARI ⬅39—QUASHING VOID JUDGMENT—TIME.

Since a void judgment will not support an appeal, certiorari to quash such judgment rendered by an inferior court or justice of the peace will lie during the period in which an appeal may, in a proper case, be taken and effected, and a trial de novo had in the circuit court.

Appeal from Circuit Court, Madison County; R. C. Brickell, Judge.

Action by D. C. Finney against James A. Baker. Judgment of inferior court for plaintiff was quashed by the circuit court on defendant's petition for certiorari, and plaintiff appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

Cooper & Cooper, of Huntsville, for appellant. R. E. Smith, of Huntsville, for appellee.

McCLELLAN, J. [1, 2] The order and judgment of the circuit court quashing the judgment of the inferior court—which was in favor of the plaintiff in the action of unlawful detainer—in consequence of the appellee's petition for common-law certiorari to that end, was justified by the fact that the judgment of the inferior court, even when aided by its reference to the description of the land in the complaint, was wholly void. The judgment was that the "defendant restore to plaintiff the possession of the tract of land mentioned in the complaint." The complaint, to which reference was thus made, bore only this matter of description:

"* * * Two hundred and fifty (250) acres of land, more or less, on the McCalley place near Merrimack Mills in Madison county, state of Alabama. Being the same lands of which he has [was] heretofore in possession. * * *"

According to the apt authority of Bradford v. Sneed, 174 Ala. 113, 56 South. 532, as explained in Lessley v. Prater, 75 South. 355,[1] the description in the complaint was of an uncertain part of a larger area; and was,

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] 200 Ala. 43

hence, below the reasonable certainty requisite to constitute a valid judgment.

The judgment being void on the face of the record of the inferior court, the circuit court properly quashed it.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.

On Rehearing.

[3] Since a void judgment will not support an appeal (1 Michie, Dig. Ala. Rep. p. 324, § 112), the recourse to the remedy by common-law .writ of certiorari to quash the judgment is not denied the defendant in the void judgment, rendered by an inferior court or a justice of the peace, during the period in which an appeal may, in a proper case, be taken and effected and a trial de novo had in the circuit court. Ind. Pub. Co. v. Amer. Press Ass'n, 102 Ala. 475, 492, 493, 15 South. 947.

The application for rehearing is overruled.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.