**RIDDLE v. HANSON. (7 Div. 251.)**

(Supreme Court of Alabama. Nov. 23, 1922.)

**1. Boundaries ⬤⟞42—Verdict must so describe boundary as not to leave its location to mere discretion of officer executing writ.**

In a suit to determine boundaries, the description of the boundary in the verdict must be so sufficient as not to leave the finding of the boundary to the mere discretion of the officer executing the writ.

**2. Boundaries ⬤⟞42—Verdict fixing boundaries held sufficiently certain.**

In a suit to fix boundaries, a verdict, establishing the line as "24½ feet north at east end of wire fence of the N. W. ¼ of N. W. ¼ of section 11, in township line of 22, range 8, running straight line west one-half mile thence, running 74 feet north of west end of wire fence, N. E. ¼ of N. E. ¼ of sec. 10," held sufficiently certain in view of the issues made by the complaint and of defendant's disclaimer and suggestion of disputed boundary.

**3. Appeal and error ⬤⟞1050(1)—Admission of evidence as to location of corners in boundary dispute, if erroneous, held harmless.**

In a suit to fix boundaries, admission of evidence as to whether a witness did any work around the corner in controversy as against the objection that it was not shown that the witness knew where the corner was, if error, held harmless.

**4. Appeal and error ⬤⟞1050(1)—Shorthand rendition of testimony in boundary dispute held harmless error.**

In a suit to determine boundaries where certain witnesses had testified as to the location of a corner in controversy, that plaintiff was recalled and asked whether or not the corner of the lands he claimed as the correct corner was the corner to which such witnesses had testified, although subject to condemnation as a shorthand rendition of the testimony, held not prejudicial.

Appeal from Circuit Court, Clay County; W. L. Longshore, Judge.

Action in ejectment by A. Q. Hanson against W. M. Riddle. From a judgment for plaintiff, defendant appeals. Affirmed.

The complaint is as follows:

"The plaintiff sues to recover possession of the following tract of land, to wit, a certain strip in the north end of the N. E. ¼ of N. E. ¼ of section 10, and in the north end of the N. W. ¼ of N. W. ¼ of section 11, all in township 22, range 8, Clay county, Ala., more particularly described as follows: Beginning at the northeast corner of the N. W. ¼ of N. W. ¼ of said section 11, and running thence 24½ feet south, thence running in a straight line to a point in the west line of said 40, which is situated 77 feet south of the northwest corner of said 40, thence in a straight line to a point in the west boundary line of the N. E. ¼ of N. E. ¼, section 10, which point is 74 feet south of the northwest corner of said N. E. ¼ of N. E. ¼, thence north a distance of 74 feet to the northwest corner of said 40, thence due east to starting point, of which he was in possession, and upon which pending such possession and before the commencement of this suit, the defendant entered and unlawfully withholds, together with $75 for the detention thereof."

The judgment of the trial court is as follows:

"This day came the plaintiff in person and being represented by attorneys, and also came the defendant in his own proper person, with his attorneys, and both sides having announced ready for trial, the defendant files his disclaimer of possession of any of the lands mentioned and sued for in plaintiff's complaint, lying in sections 10 and 11, but says that he owns and is in possession of the S. W. ¼ of the S. W. ¼ of section 2 and the S. E. ¼ of S. E. ¼ of section 3, in said township and range, and defendant suggests to the court that the suit arises over a disputed boundary, or boundary line between the defendant's said land, and the land in possession of the plaintiff in sections mentioned in the complaint. Plaintiff's complaint shows

---

that he sues to recover a strip of land extending across the north end of the N. W. ¼ of the N. W. ¼ section 11, and the N. E. ¼ of N. E. ¼ section 10—all in township 22, range 8, Clay county, Ala. Defendant having disclaimed possession of the lands sued for, and having suggested that the suit arises over a disputed boundary line, the court then made up the issue as to where the true boundary line between the lands of the plaintiff and of the defendant was; it appearing that the plaintiff owns the N. W. ¼ of N. W. ¼ of section 11, and the N. E. ¼ of N. E. ¼ of section 10, and the defendant owns the S. W. ¼ of S. W. ¼ of section 2 and the S. E. ¼ of S. E. ¼ of section 3, all in township 22, range 8, Clay county, Ala., and issue being joined on this question, and the evidence having been introduced for the plaintiff and for the defendant, and the case having been submitted to a jury, thereupon came the jury of 12 good and lawful men, to wit, August A. Brown, foreman, and 11 others, who upon their oaths do say: 'We, the jury, find the verdict in favor of the plaintiff establishing the line 24½ feet north at east end of wire fence of the N. W. ¼ of N. W. ¼ of section 11 in township line of 22, range 8, running straight line west one-half mile thence, running 74 feet north of west end of wire fence, N. E. ¼ of N. E. ¼ of section 10 of same township. We also assess damage to the amount of $24 in favor of the plaintiff. August A. Brown, Foreman.'

"It is therefore considered and adjudged by the court that the true boundary line between the lands of plaintiff in N. W. ¼ of N. W. ¼ of section 11, and N. E. ¼ of N. E. ¼ section 10, and the lands of defendant, to wit, S. W. ¼ of S. W. ¼ of section 2, and S. E. ¼ of S. E. ¼ section 3—all in township 22, range 8, Clay county, Ala., be, and the same is, a line beginning at a point 24½ feet north of the east end of the wire fence in the N. W. ¼ of N. W. ¼ of section 11, and running thence in a straight line one-half mile west to a point 74 feet north of west end of the wire fence, in N. E. ¼ of N. E. ¼ section 10. It is therefore further considered and adjudged by the court that the plaintiff, A. Q. Hanson, have and recover of the defendant, W. M. Riddle, the following lands sued for, to wit: That certain strip of land in the north end of the N. E. ¼ of N. E. ¼ of section 10, and N. W. ¼ of N. W. ¼ section 11, township 22, range 8, the same being 24½ feet wide at east end and 74 feet wide at west end, one-half mile distant, said strip being one-half mile long, east and west; the same lying just south of a line established by the jury as the true line between plaintiff's land (N. W. ¼ of N. W. ¼ section 11 and N. E. ¼ of N. E. ¼ section 10) and the defendant's lands (to wit, the S. W. ¼ of S. W. ¼ section 2, and S. E. ¼ of S. E. ¼ of section 3), all in township 22, range 8, Clay county, Ala., as follows: Beginning at a point 24½ feet north of east end of the wire fence in N. W. ¼ of N. W. ¼ section 11, thence running a straight line one-half mile west to a point 74 feet north of the west end of the wire fence in N. E. ¼ of N. E. ¼ section 10, same township, as found and described by the jury: It is also considered and adjudged by the court that the plaintiff, A. Q. Hanson, have and recover of the defendant W. M. Riddle the sum of $24 damages, as found by the jury, together with the costs in this behalf expended, for which let writ of possession and execution issue."

Lackey, Pruet & Glass, of Ashland, for appellant.

The verdict must either describe the land, so that the court can determine just what land the jury find for in favor of the plaintiff, or it must be so described that by reference to the complaint it can be determined what land the plaintiff is entitled to recover. 78 Ala. 176; 9 Ala. 594; 9 Port. 171; 48 Ala. 217; 139 Ala. 398, 36 South. 15; 101 Ala. 186, 13 South. 43, 46 Am. St. Rep. 117; 78 Ala. 167.

Garrison & Gay, of Ashland, for appellee.

The disclaimer filed by the defendant was an admission of the plaintiff's title, with a denial of defendant's possession. The description is amply sufficient, and the plaintiff was entitled to the judgment rendered. 199 Ala. 74, 74 South. 238; 186 Ala. 524, 64 South. 611; 94 Ala. 135, 10 South. 320.

GARDNER, J. This is a suit in ejectment by appellee against appellant to recover a strip of land particularly described in the complaint. The plaintiff was the owner of the N. W. ¼ of the N. W. ¼ of section 11, and the N. E. ¼ of the N. E. ¼ of section 10, and the defendant owned the two 40's north thereof, the one being S. W. ¼ of S. W. ¼ of section 2, and the other S. E. ¼ of S. E. ¼ of section 3, all in the same township (22) and range (8). The defendant filed disclaimer of possession of any of the lands named in the complaint, but alleged that he was the owner of the two 40's last above mentioned, and suggested to the court that the suit arose over disputed boundary line between said lands of defendant and plaintiff. There appears to have been no issue taken upon the plea of disclaimer, and under the situation here presented the plaintiff would have been entitled to a judgment upon such disclaimer for the land sued for, as held by this court in Pennington v. Mixon, 199 Ala. 74, 74 South. 238. The court made up the issue as to the location of the true boundary line between the lands of the plaintiff and defendant, and the trial resulted in a verdict for plaintiff, in which verdict the line was established.

[1] The brief of counsel for appellant discloses that the sufficiency of the verdict to support this judgment is the question of prime importance upon this appeal; and in support of this insistence they rely largely upon the case of Bradford v. Sneed, 174 Ala. 113, 56 South. 532, wherein expressions occur to the effect that a verdict of the jury cannot be aided by reference to extrinsic facts. That authority, however, was explained and to some extent qualified in Lessley v. Prater, 200 Ala. 43, 75 South. 355, where it was said:

"This court in later cases has recognized the efficacy of a reference in the complaint, verdict, or judgment to 'some monument, or actually existing thing,' as appropriate descriptive terms in such solemn affairs."

The description in the verdict must, of course, be sufficient as not to leave the finding of the boundary to the mere discretion or conclusion of the officer executing the writ. Lessley v. Prater, supra; Finney v. Baker, 201 Ala. 521, 78 South. 875; Wade v. Gilmer, 186 Ala. 524, 64 South. 611.

[2] We are of the opinion, however, that the verdict rendered in the instant case, read in connection with the issue made by the complaint, the disclaimer, and the suggestion as to the disputed boundary line sufficiently responded to the issue thus formed, and, though awkwardly worded, when properly construed, comes within the reasonable certainty required by the foregoing decisions.

The plaintiff owned two 40's of land, lying side by side, one-half mile in length east and west, which land is immediately south of the land owned by defendant. Therefore the dividing line between the lands of these parties was a section line, and we think the verdict of the jury discloses that they found the beginning of this dividing line to be the line which extends from a point 24½ feet north of the east end of the wire fence in the N. W. ¼ of the N. W. ¼ of section 11, and running in a straight line west one-half mile west to a point 74 feet north of the west end of the wire fence in the N. E. ¼ of the N. E. ¼ of section 10, in the same township and range.

While, as stated by counsel for appellant, there is no reference in the pleadings to a wire fence, and it is only referred to in the evidence, yet, as pointed out in Pennington v. Mixon, supra, a reference in the verdict to the wire fence may suffice by way of description to aid in the establishment of the true line, and serve as a guide to the officer in executing the writ. It cannot be questioned but that the judgment entered in this cause, following the verdict rendered, is sufficiently definite and certain; the argument against it being that such judgment was not authorized or justified by the verdict. We have reached the conclusion, however, that the proper construction of this verdict was given by the trial court as set out in the judgment entry, and therefore the point against its sufficiency is not well taken.

[3] The next assignment of error relates to the action of the court in overruling the objection of defendant to the question propounded to the witness McDaniel as to whether or not he did any work around the corner of sections 2, 3, 10, and 11; the principal insistence appearing to be that it had not been shown that the witness knew where the corner was. The witness had stated his familiarity with the land, and it would appear that this point could have been elicited upon cross-examination. Chenault v. Walker, 14 Ala. 151; Avary v. Searcy, 50 Ala. 54. In no event, however, could we say that any injury has resulted to the defendant.

Similar objection is presented to the ruling of the court in overruling defendant's objection to the question asked witness Bolton as to whether or not he saw anything indicating the corner. This witness' testimony discloses that he was at the corner of these lands in 1906, and there was an old corner "stob" there. We are unable to see any merit in this insistence.

[4] The plaintiff, upon being recalled, was asked whether or not the corner of these lands he claimed as the correct corner was the corner that witness Bolton and other witnesses had testified about. We agree with counsel for appellant that this is a shorthand rendition of the testimony, which is not to be encouraged, but we see nothing in this action of the court which could have been of any prejudicial effect to the defendant.

Finding no reversible error in the record, the judgment appealed from will be here affirmed.

Affirmed.

McCLELLAN, SOMERVILLE, and THOMAS, JJ., concur.