(133 So. 696)

**WOOD v. BURNS.**

8 Div. 225.

Supreme Court of Alabama.

March 19, 1931.

Rehearing Denied April 23, 1931.

E. W. Godbey, of Decatur, for appellant.

Wm. L. Chenault, of Russellville, for appellee.

FOSTER, J.

This is a suit in equity to vacate a deed conveying land for that it is fraudulent and void, as to creditors, and to have the land subjected to the payment of the grantor's debts.

■ There was a general demurrer to the bill for want of equity. Such a demurrer, under section 6553, Code, tests defects in substance, and all proper amendments are considered to have been made. Whiteman v. Taber, 203 Ala. 496, 83 So. 595; Kyser v. American Surety Co., 213 Ala. 614, 105 So. 689; Russell v. Holderness, 216 Ala. 95, 112 So. 309.

■ While such is the interpretation of the Code section cited above, its effect as applied to the description embraced in the bill is that all intendments will be indulged in support of the description. We understand that to mean that, with such indulgences, if the description as set out in the bill is sufficient to sustain a decree, a general demurrer will be overruled. While a general demurrer assumes the existence of all amendable defects, and an imperfect description is that character of defect, yet, if it be such that a decree based upon it would be void on account of the imperfect nature of the description, the Court would be without power to proceed. A general demurrer will therefore present the question of whether the description is so un-

certain as to be insufficient to support a decree.

When that is the question, its true answer is determined by the further inquiry of whether the sheriff could locate the land by that description, together with the use of such monuments, recorded instruments, maps, and other existing things referred to in the description, without the use of other matter which could be shown aliunde in the nature of evidence. Klepac v. Fendley (Ala. Sup.) 132 So. 619;[1] Lessley v. Prater, 200 Ala. 43, 75 So. 355; Parker v. Jefferson County, 209 Ala. 138, 95 So. 364; Riddle v. Hanson, 208 Ala. 474, 94 So. 729.

If the nineteen acres were in one tract, and owned by and in the possession of appellant, and he had but one tract of that nature, those facts would be open to inquiry and ascertainable by the sheriff from the records and visible conditions, and, in that event, the description would be sufficient. Karter v. East, 220 Ala. 511, 125 So. 655; O'Neal v. Seixas, 85 Ala. 80, 4 So. 745; Meyer v. Mitchell, 75 Ala. 475.

The bill alleges the number of acres, the county where it is located, its ownership and possession by appellant. Upon a general demurrer, the indulgence will be made that the other circumstances also exist. If the demurrer were directed specially to the imperfect description a different question would be involved.

We agree, therefore, with the circuit court that on a general demurrer testing the equity of the bill under section 6553, Code, the description is not so uncertain as to make the bill without equity.

The decree is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.

