No. 16,010.

## THRELKELD *v.* ALLEN ET AL.

COLLATERAL ATTACK.—*When Can Avail Nothing.*—Where the widow of a decedent petitioned to have all of her deceased husband's estate set off to her free from the demands of creditors, upon the ground that it did not exceed in value the sum of $300, and such proceedings were taken as resulted in an order purporting to vest in her all of said property; and the heirs of said decedent, subsequently thereto, instituted proceedings to partition such property, claiming two-thirds thereof as having descended to them from their father, such partition proceeding being a collateral attack on the proceedings and order of the Probate Court setting aside said property to the widow, must fail, unless the order of the Probate Court is an absolute nullity.

REAL ESTATE.—*Conveyance.*—*Description.*—*Sufficiency of.*—A description of real estate is sufficient to pass title when the land can be identified by extrinsic evidence.

CLERICAL ERROR.—*Record of Probate Court.*—*Error in Christian Name.*—*Setting Apart Estate to Widow.*—Where, in the proceedings of a Probate Court to set off to the widow the whole of the estate, the record in one place calls the widow "Tobetha," but elsewhere she appears by the name of "Delilah Parker," and in every instance, by whatever name called, she appears as the widow of James Parker, such record, when taken together, shows that the writing of the name "Tobetha" was a mere clerical error, and that the person named in the record was the widow of the decedent.

From the Knox Circuit Court.

*O. H. Cobb,* for appellant.

*J. C. Adams,* for appellees.

COFFEY, J.—This was an action by the appellees against the appellant, instituted in the Knox Circuit Court, for the partition of the lands described in the complaint. The complaint alleges that the appellees are the owners of the undivided two-thirds of the land, by descent from one James Parker, deceased, and that the appellant is the owner of the remaining one-third, by deed of conveyance from Delilah Parker, who was the widow of the said James Parker.

The appellant answered by way of a general denial. A trial of the issue thus formed, by the court, resulted in a finding and decree to the effect that the appellees were the owners in fee simple of the undivided two-thirds of the land, and that the appellant was the owner in fee of the other undivided one-third. The court having found that the land was not susceptible of division entered an order for its sale, and a division of the proceeds according to the interest of the parties, as found by the court.

The court overruled a motion for a new trial interposed by the appellant, and he excepted. The reason assigned for a new trial was that the finding of the court was contrary to the law and the evidence. The overruling of this motion is assigned as error.

It appears by the bill of exceptions containing the evidence, that it was agreed upon the trial:

*First.* That James Parker died seized of the land, which is correctly described in the complaint, on the 15th day of January, 1868.

*Second.* That he died, leaving as his only heirs at law, the plaintiffs, who inherited the interest in the land as alleged in the complaint, if they are adjudged to have any interest in the land involved in this action.

*Third.* That James Parker left as his widow surviving him, Delilah Parker.

*Fourth.* That the defendant in this cause is the owner, in fee simple, of the undivided one-third of said land, by virtue of a deed heretofore made to him by said Delilah Parker.

The appellant then introduced in evidence the petition of Delilah Parker, as the widow of James Parker, for an order of the Probate Court, to have the property of her late husband set off to her free from the demands of creditors, upon the ground that it did not exceed in value the sum of three hundred dollars. Such proceedings were had upon this petition as that an order was made purporting to

vest in her the title to all the property owned by James Parker at the time of his death, including the land now in dispute.

The deed executed by Delilah Parker to the appellant was not read in evidence, nor does it appear that she is not still living.

Two objections are urged by the appellees to the validity of the proceedings of Delilah Parker, to have the property set off to her.

*First.* It is contended that it does not sufficiently appear in the petition and proceedings that the person therein named was the widow of James Parker, deceased.

*Second.* That the description of the land therein is too vague and uncertain to furnish the foundation of a title.

In some parts of the record in the proceedings to set off the property to the widow of James Parker, she is called " Tobetha," but elsewhere she appears by the name of " Delilah Parker." In all instances, however, where her name appears, whether she is called " Delilah " or " Tobetha," she appears as the widow of James Parker, deceased. We think, taking the whole record together, that there can be no reasonable doubt that the writing of the name " Tobetha " is a mere clerical error, and that it sufficiently appears that the person named in the proceeding was Delilah Parker, the widow of James Parker, deceased.

In the inventory prepared by the appraisers appointed under the petition of Delilah Parker, to appraise the property of which James Parker died the owner, the land in controversy is described as follows: " Twenty-five acres of land in Donation 203." It was appraised by them at the sum of two hundred and ninety-eight dollars. This is the only item of property found in the inventory.

It was proven on the trial of the cause that James Parker resided on the land in controversy; that it is situate in Donation 203, in Knox County; that he claimed to own it, and that he did not own, or claim to own, any other land

in that donation.    He was residing on the land at the time of his death.

It must be borne in mind that the attack made by the appellees upon the proceedings and order of the court setting apart this property to Delilah Parker, is a collateral attack, and for that reason must fail, unless the order of the court is an absolute nullity.    *Spencer* v. *McGonagle*, 107 Ind. 410.

In that case it was said by this Court:   "Where there is an assumption of jurisdiction in a matter where there is general jurisdiction of the subject, the presumption is in favor of the authority of the court."

That the Probate Court of Knox County had jurisdiction of the general subject of decreeing to widows the property of their late husbands, when such property did not exceed in value three hundred dollars, there is no doubt; and that it assumed jurisdiction in this particular case is equally certain.    It is true that the description of the land in the inventory is vague and uncertain, but it was not so uncertain as to render it impossible to identify the land by the aid of extrinsic evidence.    The land was fully identified by the evidence in this case.    In our opinion the order of the court setting off this land to Delilah Parker is not void.

As the record comes to us, the title to one-third of the land in dispute appears to be in the appellant, while the remaining two-thirds appears to be in Delilah Parker.  The appellees do not appear to have any title.    Delilah Parker is not a party to the suit, so that a purchaser at a sale under the order of the court as it now stands would acquire title to the one-third owned by the appellant, and no more.    As the appellees have no interest in the land they are not entitled to a decree for its sale.

Judgment reversed, with directions to grant a new trial.

Filed November 18, 1892.