DANIEL PATTERSON vs. G. A. WARD, et al.

Opinion filed January 8th, 1897.

**Appealable Orders—Receivers.**

> Where the account of a receiver covers the entire period for which he was originally appointed, and embraces all the transactions of the receiver during such period, an order passing upon such account, made by the District Court, is a determination in the nature of a final judgment of a special nature, and as such may be reviewed on appeal to this court. Motion to dismiss the appeal is accordingly denied.

Appeal from District Court, Traill County; *McConnell*, J.

Action by Daniel Patterson against G. A. Ward and others. From a judgment allowing part of the account of a receiver appointed in the action, plaintiff appeals. On motion to dismiss. Denied.

*M. A. Hildreth*, for appellant.

*J. F. Selby*, and *Carmody & Leslie*, for respondents.

WALLIN, J. In April, 1894, H. D. Hurley, by an order of the trial court made herein; was appointed as receiver of certain lands involved in this litigation, including a certain farm, and by the same order the receiver was directed to carry on and crop said farm for said year of 1894. Pursuant to an order so to do, the receiver presented his account as such receiver in November of that year. The account embraced all transactions by the receiver, as such, from the date of his appointment to the date of presenting said account. The receiver did not ask for his discharge, and in fact has never been discharged, but, on the contrary, has by a subsequent order been continued in his trust. After hearing the receiver and the parties upon the matter of said account, the District Court allowed a part of said account, and disallowed a part thereof. From said determination of the District Court the plaintiff has appealed to this court.

In this court the receiver moves to dismiss the appeal, and claims that the law does not allow an appeal in such a case. If we regarded the action of the District Court in passing upon the

receiver's account as an interlocutory order, and nothing more, we should be inclined to grant the motion to dismiss. Interlocutory orders are never appealable, unless made so expressly, or by necessary implication, by the terms of some statute enacted for the purpose. 2 Enc. Pl. & Prac. p. 16. Certainly the right of appeal from an adjudication passing upon a receiver's account is not conferred in terms by § 5626, Rev. Codes, nor is such right given by implication in that section, unless it is true, as claimed by appellant's counsel, that it is conferred by subsection 2 thereof, which reads: "A final order affecting a substantial right made in special proceedings, or upon a summary application after judgment." The action has never been tried; hence it is obvious that the adjudication in the District Court from which an appeal is taken was not made after the entry of judgment. Nor do we think the determination of the District Court passing upon the account of the receiver was made in a special proceeding. However, we need not discuss this somewhat delicate point at any length, as we are of the opinion that the motion must be denied in any event. As we view the matter, if an appeal does not lie from the action of the District Court as from an order made in a special proceeding, the case would then fall within a class of determinations which are final with respect to the subject matter involved, and hence may be reviewed in this court as final judgments of a special nature, made in an action for equitable relief. The account of the receiver, as has been noticed, embraced every transaction of the receiver in his trust relation during the entire period for which he was originally appointed. The account included the farming operations for the season of 1894, and as to that it was full and in all respects final. See Elliot, App. Proc. § 99; *Dufour* v. *Lang*, 54 Fed. Rep. 913; 2 Enc. Pl. & Prac. 70; *Heffron* v. *Rice*, (Ill. Sup.) 36 N. E. Rep. 562; *Hinkley* v. *Railroad Co.*, 94 U. S. 467; *Hovey* v. *McDonald*, 109 U. S. 150, 3 Sup. Ct. 136; High, Rec. 819a; Beach, Rec. § 774.

The motion to dismiss the appeal is denied. All concur.