(76 N. W. Rep. 998.)

---

## DANIEL PATTERSON vs. G. A. WARD, et. al.

Opinion filed October 21st, 1898.

**Receivers—Offsetting Judgments.**

. Where the district court has, by final order, allowed the account of a receiver, and directed therein the payment of a specific sum to one who has rendered services connected with the receivership, this order does not constitute such a judgment as is contemplated by section 5499, Rev. Codes, relating to offsetting judgments.

**Claims Against Insolvent—Mutual Judgments.**

Where A. has a judgment against B., who also has an account against C., who is receiver in the litigation wherein A. is plaintiff and B. defendant, and in which the judgment is rendered, B.'s claim, upon the receiver's final account having been allowed by the court,

and ordered paid from funds then on hand, *held,* that there is lacking the mutuality necessary for offsetting as required by the Code section above cited, the parties not being the same.

### Order Directing Receiver to Pay Claim.

*Held,* further, that such order creates in the claimant a demand against the receiver, freed from equities in favor of his judgment creditor, and ends the jurisdiction of the court over the same further than to require the payment of the sum allowed to the party or parties to whom it is due.

Appeal from District Court, Traill County; *Pollock,* J.

Action by Daniel Patterson against G. A. Ward and others for the appointment of a receiver and to foreclose a mortgage. After judgment, plaintiff moved for an order against H. D. Hurley, receiver, to pay over certain money. J. E. Paulson and others interpleaded, and from an order granting the motion they appeal.

Reversed.

*J. F. Selby* and *Carmody & Leslie,* for appellants.

*F. B. Lambert,* for respondent.

YOUNG, J. This is an appeal from what is denominated in the record an "order offsetting judgments." No question of practice is raised. In 1894 one H. D. Hurley was appointed as receiver, by the District Court of Traill County, in an action entitled "Daniel Patterson vs. G. A. Ward, et ai." Under the terms of his appointment it was his duty to crop the lands involved in that litigation for that year, and in carrying out such purposes he employed G. A. Ward, he being one of the defendants in that action, to harvest, shock, and care for the grain. In November of that year after the business of the farming year was concluded, the receiver rendered to the Court his account, which, after a full hearing, at which the parties interested were present in person and by counsel, was, by order of the Court, approved and allowed. In this order the receiver was expressly directed and ordered to pay to G. A. Ward, as a balance due him for his services, the sum of $598.50. Then, after fixing and allowing to Hurley his compensation as receiver, he was directed to retain the balance of the money in his hands, which the account rendered showed was a considerable sum, until the further order of the Court. Patterson, being dissatisfied with the allowances made to the receiver and to Ward, appealed therefrom to this Court. Upon a motion to dismiss the appeal as being taken from an order not appealable, this Court held that it fell "within a class of determinations which are final in respect to the subject matter involved, and hence may be reviewed in this Court as judgments of a special nature, made in an action for equitable relief," and was appealable, the account being full and final, covering all the transactions of the receiver for the full period for which he was appointed. *Patterson* v. *Ward,* 6 N. D. 359, 71 N. W. Rep. 543. On the hearing upon the merits the order of allowance to Ward was upheld by this Court in *Patterson* v. *Ward,* 6 N. D. 609, 72 N. W. Rep. 1013.

In April, 1897, Patterson obtained a judgment and decree of foreclosure against G. A. Ward and three others in the action wherein Hurley was receiver. It appears that after the rendition of the account for the year 1894 Hurley was reappointed, and continued to crop the land as receiver, and, further, that he has not paid to Ward the sum allowed to him in the 1894 account. After obtaining the judgments above referred to, Patterson applied to the District Court for an order requiring the receiver to pay over to him the $598.50 allowed to Ward, to apply upon his judgment against Ward. At the hearing it developed that Ward had given written orders upon the money due him from the receiver at the dates and in the amounts and to the persons as follows: January 16, 1895, $150, to John E. Paulson; November 15, 1894, $164.72 to John E. Paulson; November 13, 1894, $115 to John Schuler; January 16, 1895, $100 to John F. Selby. All of these parties were interpleaded at the hearing, and resisted the offset. On February 10, 1898, Patterson's application was granted, and Receiver Hurley was directed to apply the $598.50 upon the judgment in foreclosure against Ward and others in favor of Patterson. From this order the interpleaders have appealed. This order must be reversed. Respondent did not bring himself within the provisions of Rev. Codes, § 5499, which provides that "mutual final judgments may be set off pro tanto, the one against the other, upon proper application and notice," for the following reasons: "First, the order allowing Ward's account, and directing its payment, while a final determination of its allowance, did not constitute such a judgment as is contemplated by the above statute, and no execution could be issued upon it; second, it was lacking in mutuality, in that it was directed against Hurley, and not against Patterson. It gave Ward no rights against Patterson, but simply required Hurley to pay over money which he then had. Respondent urges, however, that inasmuch as he was obligated, upon Hurley's appointment, to make certain advances to him, necessary for properly conducting the farming operations for the year 1894, and being the plaintiff in the action wherein Hurley was receiver, he is the real party in interest; and he contends thus under the principle cited in *Hobbs* v. *Duff*, 23 Cal. 596, to the effect that, where the parties are not the same, equity, aside from the statute, will look beyond the nominal to the real parties in interest, and allow the offset. The facts do not bring him under the doctrine for which he contends. The order of the lower court allowing the claim of Ward against the receiver, which this Court affirmed, effectually and finally separated it from all equities then or subsequently arising or existing in favor of Patterson in that litigation, and placed it beyond the further control of the Court in that action. No further power remained in the Court relative thereto except, perhaps, to compel obedience to the order by requiring the receiver to pay the sum allowed to Ward to him or to the interpleaders, according to their right. The order directing the offset is reversed. All concur.