State of Indiana, ex rel. Crittenberger, Auditor, *v.*
Farmers and Merchants National
Bank of Cicero.

[No. 9,970.   Filed October 17, 1919.]

1. Banks and Banking.—*Payment of Note by Maker.—Failure to Apply to Note.—Insolvency of Bank.—Maker's Rights as Preferred Creditor.*—Where the maker of a note payable to a bank went to the bank to pay the same, and an officer of the bank, fraudulently concealing the fact that the note had been assigned to secure a loan, accepted the money and informed the maker that it would be applied to the payment of the note, the money so received did not belong to the bank or its creditors, and such maker was entitled to have his judgment against the bank for such money paid as a preferred claim. p. 221.

2. Judgment. — *Collateral Attack. — Void Judgment.* — Though a judgment is erroneous, it is not subject to collateral attack, unless it is void. p. 222.

3. Judgment.—*Conclusiveness.*—A judgment against the receiver

of an insolvent bank to the effect that the judgment should be paid to the judgment creditor, and should be preferred and paid out of any assets in the hands of the bank in preference to any claims of the bank's creditors, was conclusive as between the same parties in the same court, or in any other court of concurrent jurisdiction, in any subsequent proceeding involving priority of claims, such judgment not having been appealed from. p. 222.

From Hamilton Circuit Court; *Ernest E. Cloe,* Judge.

Action by the State of Indiana, on the relation of Dale J. Crittenberger, auditor, against the Farmers and Merchants Bank of Cicero, in which John C. Craig was appointed receiver for the bank. The receiver filed a petition to have the court determine what claims against the bank were preferred, and in what manner they should be paid, and Elmer E. Applegate intervened. From a judgment against Applegate on his intervening petition, he appeals. *Reversed.*

*J. F. Neal* and *N. C. Neal,* for appellant.

*Joseph A. Roberts,* for appellee.

NICHOLS, P. J.—Appellee, John C. Craig, hereinafter mentioned as appellee, was appointed receiver for the Farmers and Merchants Bank of Cicero, Indiana, by the Hamilton Circuit Court, in the case of State, ex rel. Dale J. Crittenberger v. Farmers and Merchants Bank of Cicero, Indiana, being the case in which this appeal is prosecuted. He was duly qualified as such receiver, and took possession of all the assets of said bank, January 22, 1915. Thereafter appellant, Elmer E. Applegate, hereinafter mentioned as appellant, by leave of court, brought suit against said appellee, by filing complaint in said Hamilton Circuit Court, to which appellee answered in

general denial, and the cause was submitted to the court for trial. At the request of the parties, the court rendered a special finding of facts, from which we have the following facts pertaining to matters in this appeal: On November 14, 1914, appellant executed to said F. and M. Bank his note in the sum of $200, due ninety days after date. Said F. and M. Bank indorsed the note, with numerous others, to the Commercial National Bank of Indianapolis, Indiana, to secure a loan of $17,000. Thereafter, to wit, on January 15, 1915, appellant called at said bank for the purpose of paying said note, and did pay to the president of said bank the amount due on the note. The president pretended to make a search for the note, but failed to find it, and then informed said appellant that he had mislaid it, and that he would apply the money to the payment of the note as soon as it could be found. Appellant had no knowledge, at the time of making said payment, that said note had been assigned to the Commercial National Bank, and the president concealed such fact from him. The money so paid by appellant was not applied to the payment of said note, nor was it put into the hands of said appellee as such separate fund, but it was absorbed into the assets of said bank before the receivership aforesaid. Said president knew that the note had been assigned to the Commercial National Bank, but fraudulently concealed such fact from appellant, and allowed him to pay in the money with the purpose of paying the note, under the belief that it was then held by said F. and M. Bank. When appellee took charge of the F. and M. Bank, he found therein $868.98 in cash or in drafts and checks on solvent banks, payable to said bank, and there was

on hand continuously from January 15, 1915, more than the principal and interest of said note; the money paid in by appellant was by the bank wrongfully commingled with its funds, and remained therein. From January 15, 1915, to the time said appellee took charge of said bank, it received in deposits between $15,000 and $16,000, and during the same time paid out between $18,000 and $19,000. During all the time of said transactions, said bank was insolvent, and so continued till the time of the findings of fact. At said time other suits were pending, and other claims of a similar import to the one in suit remained to be adjusted, and the assets of said bank had not then been marshaled, and it could not then be determined whether said claims could be paid in full as preferred claims against the bank. The court then found that appellant was entitled to have his money returned to him to apply on said note then held by said Commercial National Bank, in the event that, upon the winding up of said concern, there were sufficient funds to pay him.

After conclusions of law, the following judgment was entered in said cause, to wit: "It is therefore ordered, adjudged and decreed by the court that the plaintiff, Elmer E. Applegate, recover of the defendant, John C. Craig, as receiver of The Farmers and Merchants Bank of Cicero, Indiana, the sum of $201.49 and that the same is preferred as against the assets of said bank (not incumbered by any specific lien or liens) over the general creditors of said bank, and the plaintiff is hereby entitled to have the amount of the judgment hereby given paid and discharged in full by said receiver out of such assets."

On January 8, 1917, appellee commenced this action by filing his petition in said receivership proceeding, alleging therein that at the time the said F. and M. Bank closed its doors there came into said appellee's hands $482.23 in cash, and cash items that were afterward collected to the amount of $386.75; that appellant had recovered said judgment for $201.49 as a preferred claim; that other parties had been allowed preferred claims; and that others were asserting that their claims were preferred. The receiver prayed the court to determine what claims were preferred, and in what manner they should be paid.

Appellant appeared and filed his intervening petition, averring therein his judgment for $201.49, and that by the terms of said judgment the amount thereof was a preferred claim as against all the assets of said bank, not incumbered by any specific lien, over the general creditors of said bank, and that he was entitled to have the amount of his said judgment paid in full by the appellee out of the assets; that said judgment was unappealed from, and in full force and effect, and that there had come into the hands of said appellee enough money to pay the judgment and interest, costs of this action, all expenses of the receivership, and any and all preferred claims against said receivership.

Trial was had on said appellee's petition, and appellant's intervening petition, and the court found on appellee's petition that appellant was entitled to a preferred claim in the sum of $201.49, and that there were other preferred claims, designating them, to the amount of $2,610.18, but that said preferred claims, including appellant's, were only preferred as to their proportionate share of said sum of $482.23,

cash on hand when appellee was appointed as such receiver, and as to the balance of their claims after said $482.23 was exhausted, they should share on equal terms with the general creditors, and the court found against the appellant on his intervening petition.    Judgment was rendered accordingly, from which judgment after appellant's motion for new trial was overruled, appellant prosecutes this appeal, assigning for error the action of the court in overruling his motion for a new trial, in which it is specified that the decision of the court is contrary to law, and the decision of the court is not sustained by sufficient evidence.

The appellee testified that he had on hands funds derived from the assets of said F. and M. Bank, more than sufficient to pay all preferred claims in full, as well as costs and expenses of the receivership. It was out of these assets that the judgment in favor of the appellant in the first suit directed that appellant's claim should be paid. This judgment was right. As appeared by the special findings of fact, appellant's money was traced into the funds of the bank, and while it could not be specifically traced further, it necessarily follows that such money was used either to pay debts of the delinquent bank, or to augment its assets.    The relation between the appellant and the bank was fiduciary, and the action of the bank in so concealing the facts as to the assignment of the note, and in misappropriating appellant's money, was fraudulent, and the bank or its receiver and creditors cannot profit thereby.    The money did not belong to the bank, nor to the creditors, and restoring it to its rightful owners could not harm them.    *Massey* v. *Fisher* (1894), (C. C.)

62 Fed. 958; *People* v. *City Bank, etc.* (1884), 96 N. Y. 32; *Carley* v. *Graves* (1891), 85 Mich. 483, 48 N. W. 710, 24 Am. St. 99; *McLeod* v. *Evans* (1886), 66 Wis. 401, 28 N. W. 173, 214, 57 Am. Rep. 287; *Mich. S. S. Co.* v. *Thornton* (1905), 136 Fed. 134, 69 C. C. A. 132. *Windstanley* v. *Second Nat. Bank, etc.* (1895), 13 Ind. App. 544, 41 N. E. 956, and *Shopert* v. *Indiana Nat. Bank* (1908), 41 Ind. App. 474, 83 N. E. 515, both cited by appellee, are not out of harmony with this principle as a careful reading will disclose.

Even if the judgment were erroneous, there is nothing in the record that shows that it was void for any reason, and it was therefore not subject to collateral attack. *Exchange Bank* v. *Ault* (1885), 102 Ind. 322, 1 N. E. 562; *Spencer* v. *Spencer* (1903), 31 Ind. App. 321, 67 N. E. 1018, 99 Am. St. 260; *Trelkeld* v. *Allen* (1892), 133 Ind. 429, 32 N. E. 576. The judgment was directly on the point involved in this action, and is therefore conclusive between the same parties in the same court, or in any other court of concurrent jurisdiction. *Thompson* v. *Reasoner* (1890), 122 Ind. 454, 24 N. E. 223, 7 L. R. A. 495; *Jarrel* v. *Brubaker* (1898), 150 Ind. 260, 272, 49 N. E. 1050; *Isbell* v. *Stewart* (1890), 125 Ind. 112, 25 N. E. 160; *Patterson* v. *Ward* (1898), 8 N. D. 87, 76 N. W. 1046; *Peay, Rec.,* v. *Duncan* (1859), 20 Ark. 85; *Wingate* v. *Haywood* (1860), 40 N. H. 437; *Axford* v. *Graham* (1885), 57 Mich. 422, 24 N. W. 158. It cannot be relitigated by an original proceeding, but must be corrected in error or by appeal. *Anthony* v. *Halderman* (1871), 7 Kan. 50.

The judgment of the court is contrary to law, and is reversed, with instructions to grant a new trial.