C. C. STORING, as Receiver of the Merchants National Bank, an Insolvent Corporation, Mandan, North Dakota, Respondent, v. MANDAN SPECIAL SCHOOL DISTRICT, Appellant.

(204 N. W. 837.)

**Set-off and counterclaim — to be available as set-off, demand must be due to and from the same parties and in the same capacity.**

1. To be available as a set-off a demand must be due to and from the same parties and in the same capacity. And in an action to enforce a claim assigned to the plaintiff for the benefit of another, the defendant cannot set off a claim against the plaintiff individually.

**Set-off and counterclaim — in action to enforce claim assigned to plaintiff for benefit of another, defendant cannot set off claim against plaintiff individually.**

2. In the instant action L. entered into a contract with M., whereby L. agreed to perform certain services for M., and M. agreed to pay L. $300.00 per month for such services. At the time of the contract L. was indebted to D. upon a certain real estate mortgage. L. assigned to B. the money to become due to him (under the contract of employment) from M., with the express understanding that B. should disburse such money in payment of the debt due from L. upon the mortgage to D. B. became and was indebted to M. for certain moneys which M. had deposited with B. In an action by B. against M. to recover the money due upon the assignment from L. it is *held* that the claim of M. against B. is not available as a set-off.

Opinion filed July 15, 1925.

Recoupment etc., 34 Cyc. p. 712 n. 15; p. 719 n. 49, 51, 52.

From a judgment of the District Court of Morton County, *Berry, J.,* defendant appeals.

Modified and affirmed.

*C. F. Kelsch,* for appellant.

A valid assignment may be made of debts that are contingent, and of money to become due in the future or on the performance of an existing contract. Assignments, 5 C. J. p. 866, § 36.

The distribution of assets of an insolvent national bank must be

Note.— (1) Necessity of mutuality of set-off, see 24 R. C. L. 858; 3 R. C. L. Supp. 1387.

according to the provisions of the National Bank Act.   Banks & Bkg. 7 C. J. p. 847; Chicago First Nat. Bank v. Selden, 120 Fed. 212.

The right to set off must be governed by the state of things existing at the moment of the bank's insolvency.   Tourtelot v. Whithed, 9 N. D. 467.

When a bank closes its doors and commits an act of insolvency, its deposits, whether on account or certificate, at once become due without demand or notice, and are to be set off against a depositor's debt due the bank.   Davis v. Industrial Mfg. Co. 114 N. C. 321, 19 S. E. 371.

A depositor, in an insolvent bank may set off the deposit standing to his credit when the bank closed its doors against his notes payable to the bank but not then due.   Thompson v. Union Trust Co. 4 Banking Cases, 549; 130 Mich. 508.

While as a general rule in the administration of the estate of an insolvent debtor, equality among creditors is equity, courts are not required to ignore the principle that only the balance, in case of mutual debts, is the real sum owing by or to the insolvent.   Hughitt v. Hayes, 136 N. Y. 163.

*Sullivan, Hanley & Sullivan,* for respondent.

When a national bank has been placed in the hands of a receiver as insolvent, the Federal law becomes from that moment the law of the distribution of its assets to the exclusion of the law of any state.   First Nat. Bank v. Selden, 120 Fed. 212; Davis v. Elmira Sav. Bank, 161 U. S. 275, 40 L. ed. 700.

CHRISTIANSON, Ch. J.   This is an action brought by the plaintiff as receiver of an insolvent national banking corporation to recover from the defendant school district the sum of $1,950, and interest.   The defendant admits that it owes $1,910.00 upon the claim which forms the basis of the action; but it asserts that at the time the banking corporation became insolvent the defendant school district had deposits therein in the aggregate sum of $12,578.55; that it caused due and sufficient proof of said claim for deposits to be presented to, and filed with, the receiver and that it has elected to apply a proportionate amount of such claim for deposits as a set-off to the said indebtedness in suit.   The trial court ruled that a set-off could not be allowed and rendered judg-

ment in favor of the plaintiff for $1,910, and interest, and the defend-- ant school district has appealed from the judgment.

The sole question presented on this appeal is whether the defendant school district may set off its claim for deposit against the claim in suit. Most of the facts were stipulated, but the stipulation of facts was supplemented by testimony. The findings of fact made by the trial court are either in accord with the facts as stipulated or have abundant support in the evidence. The facts as found by the trial court are substantially as follows: The Merchants National Bank of Mandan, North Dakota, was a banking corporation organized under the laws of the United States of America. On December 21st, 1923, it became insolvent and was taken in charge by the comptroller of the currency of the United States of America, and shortly thereafter the above named plaintiff, C. C. Storing, was appointed and duly qualified as receiver thereof. During the year 1923, one, Love, was employed by the defendant school district as superintendent of city schools under a written contract, whereby it was agreed that the defendant was to pay him for his services as such Superintendent the sum of $300, per month for a ten month period commencing with September 1923 and continuing up to and including June 1924. At the time of such contract said Love was indebted to one Draper in a considerable sum and such indebtedness was secured by a first mortgage upon certain real property belonging to Love. Said Love was also indebted to the said Merchants National Bank of Mandan in a considerable sum, which indebtedness was secured by a second or junior mortgage upon the same real estate covered by the Draper mortgage. Love was in default in interest payments due upon the mortgage held by Draper, and in payment of taxes due upon the premises. On July 6th, 1923, said Love executed and delivered a written assignment whereby he assigned to said Merchants National Bank all moneys due or to become due to him from the said defendant school district. But said assignment was executed and delivered with the express understanding between Love, Draper and the Bank, that all sums received thereunder should be applied in payment of delinquent taxes due upon the land and in payment of defaulted interest payments on the Draper mortgage. Notice of this written assignment was given to the defendant school district and the assignment was approved by it. It is undisputed that Love

fully performed the services to be performed by him under the contract and that he earned from the defendant school district the full amount stipulated in the contract. It is also undisputed that the defendant school district paid only the sum of $1,050, to the said Merchants National Bank and the further sum of $40, being an assessment required to be paid under the laws of this state, into the Teachers Retirement Fund; and that, consequently, there is due from the defendant school district upon said contract the sum of $1,910. It is further undisputed that at the time the bank became insolvent the defendant school district had deposits therein aggregating $12,578.55.

It is also undisputed that the delinquent taxes and the defaulted interest payments due to Draper amounted to more than the total amount due from the defendant school district to Love upon the contract. No procedural questions are raised and in the trial court it was stipulated "that the court shall decide the above entitled action upon its merits."

In our opinion the trial court was correct in holding that the defendant's claim for deposits is not available as a set-off against the claim in suit. There can be no set-off unless there is mutuality of demands. The demands must be mutual both as to the quality of the right and the identity of the parties. That is, the claim must be due to and from the same party and in the same capacity. 24 R. C. L. p. 858; 34 Cyc. p. 712; 23 Standard Proc. pp. 723, 724; Patterson v. Ward, 8 N. D. 87, 76 N. W. 1046. The bank was not to become the absolute owner of the moneys to be paid to it under the assignment involved here. It was authorized to receive these moneys, but under the specific agreement that it would disburse them to certain designated parties and for certain designated purposes. The bank was not authorized to retain the moneys for its own use; and if it had sought to do so it would have violated the agreement under which it was authorized to receive them. The receiver, of course, has no better or greater rights to the money than the bank. He will be held to the same accountability and required to disburse the moneys for the agreed purposes and not otherwise. We are wholly agreed that in the circumstances the claim which the defendant school district has for deposits in the bank cannot be set off against the claim in suit. 24 R. C. L. p. 872.

In rendering judgment the trial court allowed interest at 7% per

annum.   Interest should have been allowed at the rate of 6% per annum only.   Chapter 176, Laws 1915.   The judgment will, therefore, be modified accordingly and as so modified it is affirmed.

BIRDZELL, NUESSLE, BURKE, and JOHNSON, JJ., concur.