SMITH, ADMINISTRATOR, ET AL. *v.* DEEP VEIN COAL COMPANY.

[No. 12,630. Filed March 18, 1927. Rehearing denied July 1, 1927. Transfer denied March 14, 1928.]

*T. Morton McDonald,* for appellants.

*Embree & Embree* and *Embree & Baltzell,* for appellee.

NICHOLS, J.—This is an action by the appellants to recover the amount of a judgment rendered in favor of the appellant Smith's decedent and his coappellants

against the Princeton Coal Company, upon an award made by the Industrial Board of Indiana for the death of one William Stilwell, the husband of the appellant Smith's decedent and the father of his coappellants, upon an agreement entered into by appellee before the Industrial Board of Indiana to indorse, insure and guarantee the payment of all awards made by said Industrial Board against said Princeton Coal Company, and all payments of whatever nature arising under the Workmen's Compensation Act.

There was a trial by the court and a special finding of facts, with conclusions of law against appellants and judgment that appellants take nothing. The errors relied upon relate to the conclusions of law.

It appears by the special findings that on April 30, 1918, William H. Stilwell was in the employ of the Princeton Coal Company, in the operation of a coal mine in Gibson county, and on said day he suffered an injury, while in such employment, whereof he died on May 1, 1918, leaving him surviving his widow, Susie Stilwell, and his two infant children, Martha Stilwell, aged six years, and Maisie Stilwell, aged four years.

On July 1, 1918, said Susie Stilwell and said Princeton Coal Company entered into an agreement in respect to compensation under the Workmen's Compensation Act then in force, which was duly approved by the Industrial Board on said day, by which the company agreed to pay to her the sum of $100 for funeral expenses, and the further sum of $11.20 per week for the period of 300 weeks, beginning May 1, 1918, as compensation due her as widow and to said infant children, said compensation to be paid weekly to the said Susie Stilwell for the use and benefit of herself and the said children. The average weekly wages of the deceased employee for the period of one year before his death was $20.38 per week.

Afterwards, on April 5, 1919, by the consideration of

the circuit court of Gibson county, a judgment was rendered on said award against said Princeton Coal Company and in favor of said defendants, by agreement of the parties to the action, for $3,460, $100 thereof being for funeral expenses and the remaining $3,360 to be payable at the rate of $11.20 per week for the period of 300 weeks beginning May 1, 1918, as compensation due said Susie Stilwell as widow and to said infant children.

Said judgment has never been appealed from or in any way modified.

On September 5, 1919, said Susie Stilwell intermarried with one Jess Russel, and continued to be his wife and to live and cohabit with him until her death.

The Princeton Coal Company made payments upon the judgment aggregating $861.20, each one of which payments was made to the said Susie Stilwell while she still remained a widow and in pursuance of the agreement and judgments above set out. The unpaid installments, all of which were due at the time of the commencement of this action, with interest thereon, amount to $3,200.

Upon the marriage of said Susie Stilwell to said Jess Russel, on September 5, 1919, said coal company ceased to make any payments upon said judgment and no further payments have been made thereon.

On April 6, 1924, the said Susie Stilwell died, leaving her husband, Jess Russel, and her said children, Martha and Maisie Stilwell, as her only heirs, and thereafter appellant Smith was appointed and is now acting as administrator of her estate. The Princeton Company had theretofore defaulted in its payments, and, on execution, no property was found.

Said Princeton Coal Company never at any time filed any petition or application with the Industrial Board to have said award modified or in any way changed, in pursuance of §45 of the Indiana Workmen's Compensation Act.

Said Princeton Coal Company was duly authorized by the Industrial Board, prior to the death of said William H. Stilwell, to carry its own risk under said Indiana Workmen's Compensation Act, and, for the purpose of inducing the board to authorize said Princeton Coal Company to carry its own risk as aforesaid, appellee, having leased a part of its property to the Princeton company, entered into and filed with the Industrial Board a stipulation in writing guaranteeing the payment of awards against said Princeton company.

We are not here concerned as to whether, had appellants made a proper application to the Industrial Board, there would have been sufficient evidence to justify the board in modifying its original award, as a preliminary step to a modification of the judgment, for no such step was taken. It is expressly found by the court that appellee never at any time filed any petition or application with the Industrial Board to have the award modified in any way, and it stands yet in full force. The compensation act, after providing for the modification of an award before the Industrial Board, when there is a change of conditions, referring to judgments such as here, provides in §62 of the act, being §9507 Burns 1926, "Any such judgment of said circuit or superior court unappealed from, shall be modified to conform to any decision of the Industrial Board, ending, diminishing or increasing any weekly payment under the provisions of section 45 of this act, upon presentation of a certified copy of such decision." Thus, it appears that the statute definitely provides for such relief as appellee was entitled to, if any, but it has chosen to ignore the statute, to refuse to continue its payments, and then, when sued, to present a defense which should have been presented to the Industrial Board and over which the court had no jurisdiction. This it cannot do. It must seek its remedy in the

tribunal designated for that purpose. There is no pretense that the judgment was not a valid judgment, and such being the case, it is not subject to the collateral attack which appellee undertakes to make.

Only void judgments are subject to collateral attack. *State, ex rel.*, v. *Krug* (1884), 94 Ind. 366, 370; *State, ex rel.*, v. *Farmers, etc., Bank* (1919), 71 Ind. App. 216, 222, 124 N. E. 501.

The judgment is reversed, with instruction to the court to restate its conclusions of law in harmony with this opinion, and to render judgment accordingly.

Dausman, J., absent.