## BASSETT ET AL. *v.* SOUTH.

[No. 12,615. Filed April 28, 1927. Rehearing denied October 7, 1927. Transfer denied February 24, 1928.]

*Conrad Wolf, Earl B. Barnes, C. W. Roll* and *George B. Shenk,* for appellants.

*Joseph C. Herron* and *Overson & Manning,* for appellee.

McMAHAN, C. J.—Action by appellants against appellee to quiet their title to certain real estate in the city of Kokomo. Judgment for appellee. Appellants' motion for a new trial was overruled; hence this appeal. Appellants contend the decision is not sustained by sufficient evidence, and that it is contrary to law.

Richard Bassett died in February, 1905, the owner of the real estate in question. He left surviving a widow, Lavina Bassett, who was his third wife and by whom he had no child or children. He also left surviving him appellants, children by a former marriage, and who are now claiming the real estate in question as heirs of their father. He left no other heirs. The widow waived her right to be appointed administratrix and, on February 28, 1905, James L. Overson was appointed administrator. He filed an inventory in March, 1905, of the personal property of the decedent, appraised at $111. The inventory also included a claim for back pension in the sum of $800, but nothing was collected or realized thereon.

The administrator filed a report in October, 1908, in which he stated that in addition to the personal property mentioned in the inventory and which had been appraised at $111, all of which had been taken by the widow and applied on her statutory claim for $500, the decedent was at the time of his death the owner of the real estate mentioned in appellants' complaint; that the same was appraised by two disinterested householders at $350, that the whole of the estate of the decedent was worth less than $500, and that the widow was entitled to all of his property, real and personal. This report was approved and the court ordered that the whole of the estate of said decedent be vested in the widow, Lavina Bassett. This was done at the October term, 1908, of the Howard Circuit Court. On August 4, 1913, Lavina

Bassett, by warranty deed, conveyed the real estate to appellee, subject to a life estate in the grantor.

It must be kept in mind that the attack by appellants upon the proceedings and order of the court in vesting the title of the real estate in question to the widow is a collateral attack, and, for this reason, must fail, unless the order of the court is absolutely void. *Threlkeld* v. *Allen* (1892), 133 Ind. 429, 32 N. E. 576.

The Howard Circuit Court had jurisdiction of the settlement of estates and of the general subject of decreeing in widows the property of their late husbands, when such property did not exceed $500 in value. And as was said in *Spencer* v. *McGonagle* (1886); 107 Ind. 410, 8 N. E. 266; "Where there is an assumption of jurisdiction in a matter where there is general jurisdiction of the subject, the presumption is in favor of the authority of the court." We will, therefore, presume that the administrator gave notice of his appointment as required by the statute and that the court had jurisdiction of the estate in question.

Appellants contend that Lavina Bassett, being the third wife of Richard Bassett, and no child having been born to her by virtue of such marriage, she was only entitled to a life estate in one third of the real estate in question, and that the fee vested in them at the time of the death of their father, under §3339 Burns 1926, Acts 1901 p. 554. This section is as follows: "If a man die intestate, leaving surviving a second or other subsequent wife, without children by him, but leaving a child or children or their descendants alive by a previous wife, such surviving childless second or other subsequent wife shall take only a life estate in one-third of the lands of her deceased husband, and the fee thereof shall, at the death of such husband, vest at once in such child or children, or the descendants of such as may be dead,

subject only to the life estate of such widow."

Appellee calls attention to §3112 Burns 1926, which provides that the widow of a decedent, whether he dies testate or intestate, may select and take articles of personal property named in the inventory at the appraisement not exceeding in the aggregate $500, and if the personal estate of the decedent is not sufficient to pay the amount that may be due the widow, in cash, the deficit shall constitute a lien upon the real estate liable to sale for the payment of debts. This section is all-inclusive. It makes no difference between a first wife who may have children by virtue of her marriage with the decedent, and a second or subsequent wife without children by the decedent. Under this section, the widow had a lien upon the real estate for an amount in excess of its appraised value.

Sections 3276, 3277 and 3278 Burns 1926, provide for the vesting of estates not worth more than $500 in the widow. If, prior to the appointment of an administrator, an inventory and appraisement is filed in the office of the proper clerk showing that the estate is worth not more than $500, the clerk, instead of issuing letters, postpones the matter for action by the court. If letters of administration have been issued, and the executor or administrator discovers that the whole estate is not worth more than $500 and the widow is living and entitled to share in the estate, he is required to so report to the court, when, after deducting the expenses of administration, the court shall enter a decree vesting the whole estate in the widow.

The statute was followed in the instant case. The notice which an administrator is required to give of his appointment is sufficient to give the court jurisdiction to make the order vesting the title to the real estate in the widow. Appellants make no claim that the estate

of the decedent was worth to exceed $500, or that there was any fraud or collusion in the appraisement.

Judgment affirmed.

Nichols, J., concurs in results.

Dausman, J., absent.

## ON PETITION FOR REHEARING

McMAHAN, J.—Appellants contend the notice given by the administrator of his appointment was not sufficient to give the court jurisdiction to vest the title of the real estate in the widow. If it be conceded that appellants are right in this contention, and that other and further notice was necessary to authorize the entering of the order vesting title in the widow—the Howard Circuit Court, being a court of general jurisdiction, the presumption is that the necessary notice was given, and that the court had jurisdiction to make the order.

Rehearing denied.

Dausman, J., absent.